[S. F. No. 813.   Department Two.—December 13, 1897.]

WILLIAM H. PORTER, Respondent, v. JOHN M. FILLE-
BROWN, Executor, etc., of ANN M. FILLEBROWN, De-
ceased, Appellant.

GUARDIAN AND WARD—ACCOUNTING—EXPENSES FOR CARE OF WARD—PROVI-
SIONS OF WILL.—In an action by a ward against the estate of his de-
ceased guardian for an accounting of moneys belonging to him, which
came into the possession of the guardian, the defendant is not entitled
to credit for the expenses incurred by the guardian in maintaining the
ward during his minority, if by her will the guardian directs that no
charge shall be made against the ward for any moneys loaned him, or
for any expense she had been to on his account during her lifetime.

ID.—FORM OF ACTION—AMENDMENT OF COMPLAINT.—Where the claim of the
ward, as presented against the estate of the guardian, set out in detail

all the facts necessary to establish the liability of the guardian for an accounting, and the action thereon, as originally brought, was in form a mere action at law for the amount received by the guardian, which was less than three hundred dollars, it is not error for the court to allow the plaintiff to amend his complaint so as to make it an equitable action for an accounting of the trust arising under the guardianship, and thus within the jurisdiction of the superior court.

APPEAL from a judgment of the Superior Court of Alameda County, and from an order refusing a new trial. W. E. Greene, Judge.

The facts are stated in the opinion of the court.

Welles Whitmore, for Appellant.

A. B. Hunt, for Respondent.

THE COURT —Judgment was rendered for plaintiff in the sum of two hundred and ninety-two dollars and thirty-six cents, with interest compounded yearly from the eleventh day of November, 1868. Defendant appeals from the judgment and from an order denying a motion for a new trial.

The appellant certainly makes a pretty strong case, showing that the judgment in this case does an injustice to appellant and to the estate which he represents; but we think that there was evidence sufficient to support the findings of fact, and, taking those findings as true, we cannot see any clear ground for a reversal of the judgment.

The appellant is the grandson of the deceased, Ann M. Fillebrown, who died in 1894. In 1866, when plaintiff was about three years old, he was taken into the family of the deceased in the state of Wisconsin, and was raised, cared for, maintained, and educated by her as one of her own children and at her own expense. He lived with her continuously until he was about fifteen years old, when he went to the state of Nebraska, and remained there two or three years. He then returned to the house of deceased, and shortly afterward came with her to California. He continued to live with the deceased here until after his majority, and about ten years elapsed after his majority before her death. He avers that he always supposed that he was an adopted child of deceased, and did not know that she had ever been his

guardian until after her death; and he avers that after her death he discovered that she had been appointed his guardian in Wisconsin in 1868, and that on the eleventh day of November, 1868, she, as his guardian, received from the executors of an uncle of plaintiff, named William H. Fillebrown, the said sum of two hundred and ninety-two dollars and thirty-six cents, money alleged to have come to plaintiff from the estate of William H., through plaintiff's mother, Mary E. Porter, who was a sister of said William H. He further avers that the deceased fraudulently concealed from him the fact of said guardianship, and the fact that any money was coming to him as aforesaid, and fraudulently mingled said money with her own, so that it cannot now be traced and identified. He presented a claim setting forth these facts to appellant, executor of the estate of Ann M., and the executor having refused to allow the claim respondent brought this suit. All the averments of the complaint were substanitally found to be true by the court below.

The evidence that there ever was any money coming to the respondent from the estate of his uncle was, as appellant contends, exceedingly slight, but we think that there was sufficient proof to warrant the court in finding that the deceased, as the guardian of the respondent, received from the executors of said estate and receipted therefor the amount of money named in the complaint; and this being so, it is immaterial to inquire whether or not said money should have gone to the deceased as such guardian. And the finding of the court below, that the deceased did actually receive and retain said money as belonging to the respondent and as his guardian, is an answer to a great many of the points made by appellant as to the preliminary proof that there was such money coming to him. It is admitted and found that the expense incurred by deceased in maintaining respondent during the earlier years of his life far exceeded the amount which she is alleged to have received as his guardian. But the court below refused to allow anything for said expenses: 1. Upon the ground that they were barred by the statute of limitations (which we think is not tenable), and 2. Because the will of said deceased referring to the respondent contained this clause: "I direct, however, that no charge be made against him for any moneys that I have loaned him and for any expense that I have

been to on his account during my lifetime"; and we are disposed to think that this second ground is tenable. It is not improbable that if the deceased had been alive when this suit was commenced she could have satisfactorily explained the grave charges which the respondent made against her after her death; and, therefore, if the court had found that this action was barred by laches, such finding could not have been disturbed. But the court found the other way, and we do not feel warranted in saying that such finding has no support in the evidence.

The most serious point made by appellant is, that the court had no jurisdiction of the cause because the amount of the principal claimed was less than three hundred dollars, and that, as the original complaint was in the form of a mere action at law upon a creditor's claim, the court erred in allowing the plaintiff, when the trial had been nearly completed, to amend his complaint so as to make it an equitable action for an accounting of the trust arising under the guardianship; but as the claim as presented to the executor stated all the facts upon which the plaintiff relied, we think that the change made by the amendment to the complaint was allowable. Of course, one suing an estate must stand upon the claim which he has presented for allowance; but we think that the claim as presented in this case warranted the form given to the complaint by the amendment.

There is some evidence to support the findings of the court below that the deceased never repudiated her trust, and that respondent did not know and cannot be held to knowledge of the facts upon which the action is based until within three years of the commencement of the action; and therefore the conclusion that the action was not barred by the statute of limitations cannot be here disturbed. We do not deem it necessary to notice in detail the various exceptions by which the main questions in the case are raised.

The judgment and order appealed from are affirmed.

Hearing in Bank denied.