NINA V. WILSON, ADMINISTRATRIX, APPELLEE, V. WILLIAM
WHITE ET AL., APPELLANTS.

FILED OCTOBER 18, 1906.  No. 14,451.

1. **County Court:** APPEAL: JUDGMENT. Upon an appeal from a judg-
ment of a county court rendered in a cause prosecuted before the
county judge in his capacity as a justice of the peace, a recovery
cannot be had in excess of his jurisdiction in that capacity.

2. **Trespass:** JOINT LIABILITY.  Several owners of animals who have
constituted of them a common or joint herd are jointly liable for
trespasses committed by such herd.

APPEAL from the district court for Cherry county:
JAMES J. HARRINGTON; JUDGE.  *Affirmed on condition.*

*John M. Tucker, E. D. Clarke* and *Robert G. Easley,*
for appellants.

*Walcott & Morrissey, contra.*

AMES, C.

This is an appeal from a judgment rendered in the dis-
trict court on an appeal from a judgment of a county
court in an action to recover damages for a trespass. It
sufficiently appears from the transcript returned by the
county judge that the suit was begun before him in his
capacity as a justice of the peace.  A copy of the summons
is not included therein, but it appears that a bill of par-
ticulars praying judgment for $200 was filed on the 28th
day of April, and that the process was issued on that day
and made returnable on the 7th day of May following,
and was duly served and returned within that time.  The
defendants appeared at the time named in the writ and
proceeded to trial without pleadings on their part, and
suffered a recovery for the amount demanded, from which
they prosecuted an appeal to the district court.  In the
latter court the judge permitted a petition to be filed
claiming damages in the sum of $246, for which amount

the plaintiff recovered a verdict and judgment, from which this appeal is prosecuted.

Due objection and exception was taken in a motion for a new trial to the order of the court permitting an amendment of the petition increasing the claim of damages beyond $200 and to the amount of the recovery in excess of that sum. We think the court erred in overruling the objection. The case falls clearly within the principle of *Union P. R. Co. v. Ogilvy*, 18 Neb. 638, and the cases there cited. It is evident that the county court upon the record before it was without jurisdiction to render a judgment in excess of $200, and this limitation of power adhered to the case in the district court, and has been held to be, as to the excess, a want of jurisdiction over the subject matter.

The plaintiff, as administratrix of her deceased husband, was in possession of a tract of land upon which she was cultivating a forty-acre field of corn. The defendants were in the joint, or at least common, occupation of an adjoining cattle range, and each of them owned animals going to make up a herd that pastured the range, and that committed the trespass and inflicted the damage complained of and for which the recovery was had. There is practically no dispute as to these facts, but it is objected in this court for the first time that there is a misjoinder of parties defendant, or, in other words, that the trespasses were several because of the several ownership of the animals, and that a recovery cannot be had against all the defendants in one action. We will not inquire whether the objection, if it had been valid, would have been waived by failure to make it in the lower courts or either of them. It is clear to us that it would not have been valid if it had been so made. The defendants jointly created the herd, and jointly permitted it to depasture the range and to trespass upon the plaintiff's land. It is manifestly impossible to ascertain in what degree the animals of each contributed to the resulting injury. *Jack v. Hudnall*, 25 Ohio St. 255.

We recommend that the plaintiff be required to remit, as of the date of the rendition of the judgment in the district court, all in excess of $200 and interest thereon from the date of judgment in the justice's court, and that upon her failure so to do within 30 days from this date the judgment stand reversed and a new trial granted, but that upon her having filed with the clerk of this court within the time aforesaid a remittitur to that amount the judgment stand affirmed.

OLDHAM and EPPERSON, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, it is ordered that the plaintiff be required to remit, as of the date of the rendition of the judgment in the district court, all in excess of $200 and interest thereon from the date of judgment in the justice's court, and that upon her failure so to do within 30 days from this date the judgment stand reversed and a new trial granted, but that upon her having filed with the clerk of this court within the time aforesaid a remittitur to that amount the judgment stand affirmed.

JUDGMENT ACCORDINGLY.