Emma Siedel, Respondent, v. Otto Muehlenbrink,
Appellant.

Second Department, March 18, 1927.

Courts — County Court — jurisdiction — action to recover $2,000 loan —
testimony as to amount of interest increased claim to $2,144.69 — conten-
tion by defendant that alleged amendment of complaint automatically
deprived court of jurisdiction which was raised for first time on appeal
cannot be sustained — no formal amendment was made — attempted
amendment was nullity — judgment is modified so that amount
recovered is within jurisdiction of court.

In an action in the County Court of Queens county to recover $2,000 loaned,
the plaintiff's attorney testified to computation of interest which brought the
claim up to $2,144.69. The county judge stated to the attorney that if he
wanted to amend the complaint the judge would permit it. No exception was
taken by the defendant's attorney at that time, nor was the question raised at
any time prior to appeal as to the jurisdiction of the County Court. The con-
tention by the defendant on appeal that the so-called amendment automatically
deprived the County Court of jurisdiction cannot be sustained. There was no
formal amendment and, furthermore, the action of the County Court in attempt-
ing to authorize an amendment was a nullity and had no effect whatsoever upon
the jurisdiction of the court.

The judgment of the County Court is modified by reducing the plaintiff's recovery
to $2,000, the jurisdictional limit of that court at the time of the trial.

Appeal by the defendant, Otto Muehlenbrink, from a judgment
of the County Court of the county of Queens in favor of the plain-
tiff, entered in the office of the clerk of said county on the 25th
day of September, 1925, upon the verdict of a jury, and also from
an order entered in said clerk's office on the 24th day of September,
1925, denying defendant's motion for a new trial made upon the
minutes.

*William Rasquin, Jr.* [*Otto W. Muehlenbrink* with him on the
brief], for the appellant.

*William H. Hamilton* [*Norman C. Conklin* with him on the
brief], for the respondent.

Kelly, P. J. The County Court had complete jurisdiction of
the parties and of the subject-matter of the action up to that stage
in the trial where the plaintiff's attorney, while on the witness
stand as a witness for the plaintiff, testified to his computation of
interest upon the plaintiff's demand and asked that the complaint
be amended so as to include the entire amount due. According
to the counsel, the amount was $2,144.69. The learned county
judge expressed some doubt as to his power to grant the amendment

asked, but the defendant's counsel making no objection, on the contrary stating, " He is asking the court to amend. I ask the court to rule it," the county judge said: " If you want to amend, I will permit the amendment." No exception was taken to the ruling of the court. Counsel for defendant upon the argument of the appeal stated that he believed at the time that the court by granting such amendment would automatically oust itself of jurisdiction, but that he deliberately omitted to object or except to the proposed amendment or to call the court's attention to its supposed effect on the jurisdiction of the court, but, instead, proceeded with the trial and with the defense, calling five witnesses on behalf of defendant. The county judge left the question of the interest due on plaintiff's demand to the jury, telling them they were not bound by the computation of the plaintiff's attorney and that the only purpose of offering the computation was to assist them in making their calculations in case they found that the plaintiff was entitled to recover. Counsel for defendant stated to this court upon the argument that he refrained from calling the attention of the trial judge to his claim that the amendment ousted the court of jurisdiction, reserving it for use in case the verdict went against the defendant. The jury found a verdict for the plaintiff for $2,144.69. Again, on his motion to set aside the verdict and for a new trial, defendant's counsel said nothing about his claim that the court had lost jurisdiction of the action. On this appeal, however, he rests solely on this contention. That is the only point presented to us. We cannot approve this procedure.

But, in our opinion, the County Court did not lose jurisdiction by this attempted amendment. There was no formal amendment of the complaint, which, as already stated, limited the plaintiff's demand to $2,000, which was the limit of the jurisdiction of the County Court at the time of the trial. When the County Court acquired jurisdiction of the action and of the parties, it did not lose this jurisdiction by reason of this incident during the trial. (*Van Clief* v. *Van Vechten*, 130 N. Y. 571, and cases cited; *National Surety Co.* v. *Rosenberg*, 158 App. Div. 896; *Tappin* v. *MacLean*, 117 Misc. 757.) The County Court had no power to grant such an amendment; the action in that respect was a nullity.

We are of opinion that the plaintiff should not be deprived of her recovery, which appears to be amply justified by the evidence, upon any such technical and strained procedure and argument.

The judgment of the County Court of Queens county should be modified by reducing the plaintiff's recovery on the verdict from $2,144.69 to $2,000, and the judgment, including costs as

taxed, to $2,184.80; and as so modified the judgment and order appealed from should be affirmed, with costs.

MANNING, YOUNG, LAZANSKY and HAGARTY, JJ., concur.

Judgment of the County Court of Queens county modified by reducing the plaintiff's recovery on the verdict from $2,144.69 to $2,000, and the judgment, including costs as taxed, to $2,184.80; and as so modified the judgment and order are affirmed, with costs.