[Civ. No. 4624. Third Appellate District.—May 7, 1932.]

In the Matter of DONALD HULBERT (a Person Coming
Under the Juvenile Court Law).

Charles Kasch for Appellant.

U: S. Webb, Attorney-General, and J. Charles Jones, Deputy Attorney-General, for Respondent.

PRESTON, P. J.—A petition was filed in the Superior Court of Mendocino County, sitting as a juvenile court, charging Donald Hulbert, a minor of the age of eighteen years, with having committed an assault upon Inez Pinoli, thereby causing her serious injury, and that by reason thereof, he was a person coming within the provisions of the Juvenile Court Law.

Upon the hearing of said matter the said Donald Hulbert was adjudged to be a ward of the juvenile court and until the further order of the court was placed in the custody of his parents. It was further adjudged by the court that said minor be placed on probation under the supervision of the probation officer of said county and that during the period of said probation the said minor should pay to the probation officer the sum of one hundred dollars to reimburse Mrs. Elvira Pinoli, the mother of said Inez Pinoli, for the expense made necessary by the injuries inflicted as the result of said assault. From this judgment Donald Hulbert has appealed.

He does not upon this appeal question the action of the court making him a ward of the juvenile court, but bases his ground for reversal solely upon the proposition that the juvenile court was without jurisdiction to require the payment to the probation officer of the one hundred dollars.

Respondent relies upon the provisions of section 1203 of the Penal Code for the authority of the court in placing the said minor on probation. This section provides that, after conviction of a public offense, the court may in the exercise of its discretion place the defendant upon probation, and, in doing so, may provide reparation in proper cases and compensation for any injury done to any person resulting from the unlawful act.

Therefore, the question to be determined in this case is whether or not the court was authorized to place appellant on probation, for if it had authority so to do, the right to require reparation would follow. Acting as a juvenile court, it had the right under section 1 of the Juvenile Court Law, to ascertain whether or not appellant came within the provisions of said section, and for. that purpose to hear evidence which tended to show that appellant had unlawfully assaulted Incz Pinoli, and having found that he did unlawfully assault her, to declare him to be a ward of said court, and make such disposition respecting the custody of said appellant as to the court seemed to be for his best interests.

The evidence in this case shows without contradiction that at the date of the alleged offense appellant was of the age of seventeen years.

Section 4d of the Juvenile Court Law provides that "No person under the age of eighteen years at the time of the commission of an alleged offense or crime shall be prosecuted for crime until the matter has first been submitted to the juvenile court by petition as hereinbefore provided, or by certificate of the lower court as hereinafter provided," and section 5 of said act provides, "In no case shall an order adjudging a person to be a ward of the juvenile court be deemed to be a conviction of crime."

 No authority is vested in the juvenile court to place a minor on probation, for it is given no authority to administer punishment if it finds that he or she has violated the law. If it finds that a minor under the age of

eighteen years has violated the law, its duty is to make him or her a ward of the court and provide for his or her custody and welfare during minority.

Nor did the superior court have jurisdiction to grant probation in this case.

Section 1203 of the Penal Code provides that the court can grant probation after conviction of a public offense. This court had no jurisdiction to try appellant for the offense charged in the petition. The charge set forth there is for a simple assault of which only a justice of the peace or police magistrate would have jurisdiction.

We are of the opinion the court exceeded its authority in placing appellant on probation and requiring him to pay one hundred dollars to the probation officer during the term of the probation.

The judgment is therefore modified by striking out that part of the judgment placing appellant on probation and requiring him to pay to said probation officer one hundred dollars, and as so modified, is affirmed.

Thompson (R. L.), J., and Plummer, J., concurred.