[Civ. No. 15840. First Dist., Div. One. Dec. 30, 1953.]

KRIKOR D. THOMASIAN, Petitioner, v. SUPERIOR COURT OF THE CITY AND COUNTY OF SAN FRANCISCO et al., Respondents; CROWE GLASS COMPANY, Real Party in Interest.

Lange & Rockwell for Petitioner.

Cooley, Crowley & Gaither for Real Party in Interest.

No appearance for Respondents.

WOOD (Fred B.), J.—This proceeding involves (1) the jurisdiction, if any, of a municipal court to allow an amendment of a complaint which increases the amount of the demand beyond the $3,000 jurisdictional limit of that court, (2) the validity of the judgment rendered by the superior court, or of its appellate department, annulling, upon writ of review, the municipal court order which allowed the amendment, and (3) the jurisdiction of this court to review the action of the superior court in an original proceeding as distinguished from an appeal from the superior court judgment.

A brief summary of the significant events as they occurred in the municipal and superior courts will facilitate the discussion of these questions. August 14, 1952, petitioner Thomasian filed in the municipal court, San Francisco, a complaint against Crowe Glass Company, a corporation, alleging that he was injured March 10, 1952, while on defendant's

premises as a business invitee, and that his injury was caused by the negligence of the defendants to his damage in the sum of $3,000.

March 30, 1953, the plaintiff filed a notice of motion for leave to file an amended complaint increasing the amount of the *ad damnum* clause to $15,000 for general damages, in addition to special damages, and for an order to transfer the cause to the superior court. His affidavit in support of the motion stated that when he filed the original complaint the exact nature, extent, and permanency of his injuries were not known; that since that date it had developed that the injuries were more serious in nature, some of them permanent in character and that medical treatment would be required for an indefinite future time and could not reasonably be expected to afford a complete recovery.

April 3, 1953, these motions were heard by and submitted to the municipal court which, on April 28th, announced its decision granting them.

April 30, 1953, the defendant filed with the superior court of the city and county of San Francisco a petition for a writ of review alleging that the municipal court had made and entered its order granting said motion to amend and that such was an act in excess of the jurisdiction of the municipal court. That petition, upon filing in the superior court, was given a civil appeal number (No. 2271-1/2).* Thereupon an order for the writ to issue was signed and filed by a judge of the superior court who was also a judge of the appellate department thereof. The order directed that a writ issue commanding the municipal court "to certify and return to this Court (Appellate Dept)" the pleadings, papers and other matters on file therein for review "by this Court" and requiring respondent meanwhile to desist from further proceedings including but not limited to the transfer of the cause. The writ was issued pursuant to this order, returnable May 8, 1953, requiring the respondent court to "certify and return to this Court (Appellate Dept)" the indicated pleadings, papers and other matters on file. May 1, 1953, defendant gave plaintiff written notice that the writ of review, served therewith, would be returned and the hearing would be had therein "in the court room of the above entitled Court, Appellate Department thereof."

*All subsequent orders made and the writ issued in that proceeding bore that number.

May 4, 1953, a written order of the municipal court, signed by a judge of that court, was filed granting plaintiff's motion for leave to file his proposed complaint and ordering that the cause be transferred to the superior court, costs of transfer to be borne by the plaintiff. This order then concluded with this statement, "Motion granted and order made the 28th day of April, 1953, and presented for signature and signed this 4th day of May, 1953."

May 13, 1953, a document designated "Memorandum Opinion in re Petition for Writ of Review," signed by the presiding judge of the appellate department (the other two judges of that department concurring and signing) was filed. In this document the court discussed the issue of law presented by the petition for the writ; held that the municipal court had no jurisdiction to make the order in question and that there was no appeal from the order or other appropriate remedy other than by writ of review; and concluded "that the petition for writ of review should be and it is hereby granted. It is therefore ordered that the order of the Municipal Court granting the amendment to the complaint so as to increase the amount of the prayer beyond the jurisdiction of the said court be and the same is hereby annulled."

This document although labelled "memorandum opinion" has all of the characteristics of a final judgment in the review proceeding. No findings of fact were necessary. There was no issue of fact to be tried.

It further appears from a copy of the register of actions of the appellate department, superior court, San Francisco (certified May 26, 1953), that all of these review proceedings were entered in the register of the appellate department, namely: petition filed 4/30/53; writ issued 4/30/53; notice of return of writ of review filed 5/1/53; submitted 5/8/53; order of lower court annulled 5/13/53; remittitur issued and receipt filed 5/13/53. There is no entry indicating that this judgment has been entered in the judgment book.

Thereafter the clerk gave Thomasian written notice of the decision in the review proceedings. This notice was entitled "In the Superior Court of the State of California, in and for the City and County of San Francisco, Appellate Department" and was identified by the case name and the designation "On appeal from Municipal Court, No. 2271-1/2." It read as follows: "In the above entitled matter order amending complaint annulled on the 13th day of May, 1953."

## I. The Validity and Reviewability of the Judgment Rendered in the Superior Court

█ The petition for writ of review in the superior court instituted an original proceeding which was within the jurisdiction of that court. As such, it invoked the general powers of the superior court, not the powers of the appellate department thereof. █ If that proceeding was conducted in the exercise of the general powers of the superior court and its judges, the judgment rendered would not be subject to collateral attack. █ A mere error of law, if committed in a proceeding of which a court has jurisdiction, does not of itself divest the court of jurisdiction to pronounce judgment. (*Cellulose Package Mfg. Co.* v. *Calhoun,* 166 Cal. 513, 515-516 [137 P. 238], attempt of debtor to impeach a judgment, in a suit brought upon the questioned judgment; *Gray* v. *Hall,* 203 Cal. 306, 313-317 [265 P. 246], mandamus unavailable to review a judgment which had become final, even though the judgment would have been reversible upon appeal and the defect appeared upon the face of the record; *Wells Fargo & Co.* v. *City etc. of San Francisco,* 25 Cal.2d 37, 40-44 [152 P.2d 625], motion to vacate judgment, made after expiration of the six-month period allowed by section 473, Code of Civil Procedure, and in the absence of extrinsic fraud or mistake.) █ █ Furthermore, certiorari is not available for the review of an appealable judgment or order (Code Civ. Proc., § 1068) and the "writ of prohibition cannot be used to review proceedings already completed." (*Big Jim Mines, Inc.* v. *Superior Court,* 9 Cal.2d 503, 504 [71 P.2d 67].) Accordingly, if the judgment here in question was rendered in the exercise of the general powers of the superior court, it would be appealable, and reviewable only upon appeal. Petitioner states in one of his briefs that it has not yet been entered in the judgment book of the superior court. If he is correct in this, his remedy would seem to lie first in the superior court by appropriate application for the making of such an entry.

█ However, the judgment in question was actually rendered by the appellate department of the superior court in the purported exercise of the jurisdiction of the appellate department; hence, in excess of the jurisdiction of that department and void.

The appellate department of the superior court was established pursuant to express constitutional sanction: "The

superior courts shall have appellate jurisdiction in such cases arising in municipal and in justices' and other inferior courts in their respective counties or cities and counties as may be prescribed by law. The Legislature may, *in addition to any other appellate jurisdiction of the superior courts, also provide for the establishment of appellate departments* of the superior court in any county or city and county wherein any municipal court is established, *and for the constitution, regulation, jurisdiction, government and procedure of such appellate departments."* Art. VI, § 5; last amended, 1928; emphasis added.)

The Legislature exercised this authority by adding sections 77a and 77b to the Code of Civil Procedure (Stats. 1929, ch. 475, p. 836.) Section 77a declared that in the superior court of every county having three or more superior court judges wherein any municipal court is established "there shall be a department thereof to be known and designated as 'Appellate department of the superior court,' and which shall consist of three judges of such superior court, who shall be designated by the chairman of the judicial council, and who, in addition to their other duties, shall serve as such for the period specified in the order of designation, and one of whom shall be designated by the chairman of the judicial council as presiding judge thereof." (As amended by Stats. 1949, ch. 1516, p. 2698, effective at and after November 7, 1950, operative in January, 1952; later carried into the Government Code as section 69540 without substantial change by Stats. 1953, ch. 206, p. 1238 at 1252, effective Sept. 9, 1953.)

The jurisdiction of the appellate department is defined by section 77b: "The appellate department . . . shall have appellate jurisdiction on appeal from municipal and justice courts established within the county . . . wherein such appellate department is established, in all cases in which an appeal may be taken to the superior court, as is now or may hereafter be provided by law, except on such appeals as require a retrial in the superior court. The powers of such appellate department shall be the same as are now or may hereafter be provided by law relating to appeals to the superior courts. The presence of two judges of such department shall be necessary to transact any business, except such as may be done at chambers and the concurrence of two judges shall be necessary to pronounce a judgment. The presiding judge of such appellate department may convene

the court at any time and shall supervise the business of the department. Rules governing practice and procedure and the disposition of the business of such department shall be made by the judicial council.'' (Last amended by Stats. 1951, ch. 1737, p. 4080 at 4082-4083; amendment operative Jan. 1, 1952.)

Pursuant to this authority, the judicial council has adopted a special set of rules governing the ''Appellate Departments of a Superior Court,'' dealing with the frequency of its sessions, the powers of the presiding judge, and the acting presiding judge of the department, calendars, notices and motions, briefs, decisions, rehearings, judgments for costs, and the issuance, stay of issuance and recall of the remittitur. (Rules adopted in 1929; last amendments effective September 15, 1945.)

■ ''The appellate department of the superior court does not have jurisdiction 'on such appeals as require a retrial in the superior court' (Code of Civ. Proc., sec. 77b), and hence may not render the same or a different order, judgment or decree of its own, but is confined to an affirmance, modification or reversal of the judgment etc. of the trial (in this case municipal) court. If the superior court does not conduct a new trial, but merely affirms or reverses a judgment its appellate jurisdiction is similar to that of any appellate court. (*Portnoy* v. *Superior Court*, 20 Cal.2d 375 [125 P.2d 487].)'' (*Unemployment etc. Com.* v. *St. Francis etc. Assn.*, 58 Cal. App.2d 271, 275 [137 P.2d 64].)

■ We have here a picture of a distinct and separate department of the superior court (a species of entity) with jurisdiction and powers defined by statute pursuant to express constitutional sanction, limited to the consideration of ''appeals'' from the municipal court not requiring a retrial, hence not embracing jurisdiction to review a municipal court judgment through the medium of an original proceeding.*

This presents a situation quite different from that presented in those cases which hold that from the standpoint of jurisdiction and power to act, the superior court is not divided into separate and distinct ''departments.'' ■ Those cases appropriately hold, in the situation to which they apply: ''Jurisdiction is vested by the constitution in the court, not

---

*The constitutional grant of power to issue writs of mandamus, certiorari, prohibition, quo warranto, and habeas corpus still runs to the ''superior courts'' and ''their judges,'' not to the appellate department. (Art. VI, § 5.)

in a particular judge or department. It further provides that there may be as many sessions of the court as there are judges. Whether sitting separately or together, the judges hold but one and the same court. The division into departments is for the convenient dispatch of business. (*Ransome-Crummey Co.* v. *Wood,* 40 Cal.App. 355 [180 Pac. 951].) A transfer from one department to another is not a transfer of the jurisdiction of the cause, which remains at all times in the court as a single entity. (*Graziani* v. *Denny,* 174 Cal. 176 [162 Pac. 397].)'' (*Tubby* v. *Tubby,* 202 Cal. 272, 276 [260 P. 294]. See, also, *White* v. *Superior Court,* 110 Cal. 60, 66-68 [42 P. 480] ; *Gunn* v. *Giraudo,* 48 Cal.App.2d 622, 630-631 [120 P.2d 177] ; *Macmillan Petroleum Corp.* v. *Griffin,* 99 Cal.App.2d 523 [222 P.2d 69], and *People* v. *Connolly,* 103 Cal.App.2d 245, 248 [229 P.2d 112].) Even as to the ''department'' concerning which the courts in the cited cases were speaking, there are certain limitations. Thus, where a particular proceeding has been duly assigned to one department by the presiding judge and has not been finally disposed of therein or legally removed therefrom, ''it is beyond the jurisdictional authority of another department of the same court to interfere with the exercise of the power of the department to which the proceeding has been so assigned. [Citation.] In other words, while one department is exercising the jurisdiction vested by the Constitution in the superior court of that county, the other departments thereof are as distinct therefrom as other superior courts.'' (*Williams* v. *Superior Court,* 14 Cal.2d 656, 662 [96 P.2d 334].) The superior court acting as a juvenile court upon a petition which invokes the juvenile court's jurisdiction over a minor under 18 years has no authority to place him on probation because it has no jurisdiction to try him for a public offense and the power to grant probation comes after conviction of a public offense. (*In re Hulbert,* 123 Cal.App. 362, 365 [11 P.2d 50].) Where the limits of the special powers of the juvenile court are reached, it is the duty of the judge thereof to transfer to an appropriate department for hearing and determination the issues which are beyond the jurisdiction of the juvenile court. (*People* v. *Superior Court,* 104 Cal.App. 276, 279-282 [285 P. 871].) In *People* v. *Sanchez,* 21 Cal.2d 466 [132 P.2d 810], the reviewing court said of a certain minor and the jurisdiction of the juvenile court department over him: ''When defendant was declared a ward of the juvenile court, he became subject to

its continuing jurisdiction. Whatever power the superior court had over him was thereby vested in the juvenile court, and until the latter remanded his case for disposition under the general law no other department of the superior court acting in a general capacity had the jurisdictional authority to act upon the matter." (P. 471.)

That reasoning applies with special force to action taken by the "appellate department" in a proceeding not within the subject matter of its jurisdiction.

 Although each of the judges assigned to an appellate department, just as any other judges of the superior court, may exercise the general powers of the court, it would not seem competent for them in their appellate department capacity to entertain and act upon an original proceeding, as was done in the instant case. The fact that the proceeding in which they thus acted was the review of a municipal court order did not make it any the less an *original* proceeding than if it had been a criminal action instituted by indictment or information in the superior court or the trial of a civil action instituted by complaint in the superior court and in no way connected with or bearing upon any judgment or order of the municipal court.

 In the instant case the petition for writ of review as prepared for presentation to the superior court was, as to its form, its caption and its contents, a petition which properly invoked the general jurisdiction and powers of the superior court, not those of the appellate department. But from the moment of its filing it was treated as an appellate department matter in the same full sense as if it were an appeal from the municipal court which did not involve a retrial in the superior court. The conclusion seems inescapable that the judges participating in the decision were acting in the exercise of the jurisdiction and powers of the appellate department, not in the exercise of the general jurisdiction and powers of the superior court, and that the resultant judgment was rendered by the appellate department in excess of its jurisdiction and void.

Thus, it clearly appears that the superior court of the city and county of San Francisco has before it the petition for writ of review which Crowe Glass Company presented for filing on April 30, 1953; that the action taken thereon by the appellate department is nugatory and of no effect; and that the superior court should be directed to assume jurisdiction over said petition and duly and regularly proceed

with the consideration and disposition of the petition in the exercise of the general powers of the superior court.

Certiorari is available for the review of a judgment rendered without jurisdiction or in excess of jurisdiction, as distinguished from an erroneous judgment rendered in the exercise of jurisdiction. (*Williams* v. *Superior Court*, 14 Cal.2d 656, 658 [96 P.2d 334]; *Fortenbury* v. *Superior Court*, 16 Cal.2d 405 [106 P.2d 411], and cases therein cited.)

Mandamus is appropriate to require the superior court, in the exercise of its general powers, to assume jurisdiction over and to hear and determine the original proceeding which was initiated by the petition of Crowe Glass Company for a writ of review. (*Katenkamp* v. *Superior Court*, 16 Cal.2d 696, 698 [108 P.2d 1]; *Harrison* v. *Superior Court*, 3 Cal.App.2d 469, 471 [39 P.2d 825].)

The facts shown herein warrant both forms of relief, and petitioner asks for a ''Writ of Prohibition or such other extraordinary writ as may be proper in the premises'' and ''for such other, further and different relief as may be deemed meet, just and proper in the premises.'' Even if he had asked only for a writ of prohibition, he would be entitled to the relief warranted by the fact shown. (*Sekt* v. *Superior Court*, 24 Cal.2d 73, 77 [147 P.2d 568].)

Petitioner urges that a peremptory writ of prohibition should issue to restrain the municipal court from vacating its order which allowed its amendment, and from proceeding with the trial of the action. He alleges that upon the rendition of the appellate department judgment, Crowe Glass Company moved the municipal court to vacate the order which allowed the amendment; that upon submission of the motion the judge of the municipal court stated he considered himself bound by the decision of the appellate department of the superior court and had no alternative but to vacate the order in question; and that the municipal court ''has ruled that unless prohibited that it will enter its order annulling its order of April 28, 1953, . . . on Friday, the 22nd day of May, 1953.'' The situation has obviously changed in view of the annulment of the appellate department judgment. We have no basis for assuming that the municipal court will not await final determination of the Glass Company's petition for writ of review. No writ need issue to the municipal court. The alternative writ of prohibition heretofore issued herein should be discharged.

We have considered the municipal court jurisdictional

question and have come to the conclusion that the municipal court has power to allow an amendment which increases the amount of a plaintiff's claim to a sum in excess of that court's jurisdiction, and that the superior court in the review proceeding before it, may properly act in such a manner only as will recognize and uphold that power. Therefore, in furtherance of justice and in fairness to the parties and the respondent court, we should and do decide that question. (See *Rescue Army* v. *Municipal Court,* 28 Cal.2d 460, 467 [171 P.2d 8].)

II. THE POWER OF THE MUNICIPAL COURT TO ALLOW AN AMENDMENT OF A COMPLAINT WHICH INCREASES THE DEMAND TO AN AMOUNT IN EXCESS OF THE JURISDICTIONAL $3,000 LIMIT OF THAT COURT

The right to amend a pleading finds expression in sections 469, 472, 472a and 473 of the Code of Civil Procedure. Leave of court is not required under section 472 (amendments as of course) but is required under section 469 (to conform to proof), section 472a (upon sustaining a demurrer), and section 473, upon application, to add or strike the name of a party, to correct a mistake, or to amend "in other particulars," allowable by the court "in furtherance of justice, and on such terms as may be proper."

"This statutory provision [§ 473] giving the courts the power to permit amendments in furtherance of justice has received a very liberal interpretation by the courts of this state. [Citations.] This position is clearly in accord with the modern theories of code pleading, which would permit amendment in the discretion of the court unless an attempt is made to present an entirely different set of facts by way of the amendment. [Citation.] Nor is this liberal policy of permitting amendments in furtherance of justice any different merely because a general demurrer for failure to state a cause of action has been sustained. 'For the most common kinds of amendments are those in which complaints are amended that do not state facts sufficient to constitute a cause of action.' [Citations.]" (*Klopstock* v. *Superior Court,* 17 Cal.2d 13, 19-20 [108 P.2d 906, 135 A.L.R. 318].)

"Liberality in the allowance of an amendment to a pleading is the rule rather than the exception; and in a case where such an amendment can be made in furtherance of justice without jeopardizing the rights of an adverse party, it should be allowed. This, of course, assumes that neither

the cause of action nor the issues involved therein will be radically changed by the proposed amendment. Citation.]'' (*Abbott* v. *Limited Mut. Comp. Ins. Co.*, 30 Cal.App. 2d 157, 161-162 [85 P.2d 961].) ''Great liberality is allowed with respect to amendments at the trial if the defendant is not prejudiced thereby and the ends of justice will be subserved provided the issues to be decided are not wholly changed.'' (*Genger* v. *Albers*, 90 Cal.App.2d 52, 55 [202 P.2d 569].)

Neither the statutes nor the reported decisions of this state that have come to our attention indicate a lack of power in a court to allow an amendment which will deprive it of jurisdiction or which will give it jurisdiction it does not have over an action pending before it.

Indeed, in one case the Supreme Court affirmed a judgment in an action in which the superior court had allowed the plaintiff to amend his complaint by converting his cause from an action at law for damages of less than the jurisdictional $300 minimum to a suit in equity for an accounting of trust funds, thus bringing it within the jurisdiction of the court in which pending. (*Porter* v. *Fillebrown* (1897), 119 Cal. 235 [51 P. 322].) In another case the Supreme Court approved the action of the superior court in denying leave to amend the demand of a complaint upwards from $625 to $1,500 because of an insufficient basis in fact, not for lack of power in the court to allow it in a proper case: ''On the face of the proffered amendment, which asked nearly three times the amount in suit, the court was justified in holding it was clearly an attempt to retain the cause in the superior court without regard to the substantiality of the amendment. In this ruling the court did not err.'' (*Philpott* v. *Superior Court* (1934), 1 Cal.2d 512, 526 [36 P.2d 635, 95 A.L.R. 990].) In neither case was there specific discussion of the power of the trial court to allow an amendment that would bring the action within its jurisdiction, but the possession of such a power seems implicit from the treatment accorded the action of the trial court.

Then there are two cases of amendments which demonstrated lack of jurisdiction of the action, resulting in a duty of the court to dismiss. In *Smith* v. *Chin Chew* (1927), 81 Cal.App. 704 [254 P. 599], the original complaint alleged that defendant had become indebted in the sum of $427.55 but failed to allege the amount still due and owing, a lack which plaintiff was given leave to fill by amendment. His amendment showed payments which reduced the debt to

$139.30, less than the court's jurisdictional $300 minimum. The case was tried. Judgment against plaintiff was rendered upon the ground that he had accepted part payment in full satisfaction. The reviewing court indicated some doubt whether that was a proper ground in fact, but affirmed because the trial court did not have jurisdiction, saying, "by amending the complaint, which did not state a cause of action, the plaintiff stated a cause of action showing jurisdiction only in the justice's court. The motion of the defendant Chun Hee Tong to dismiss should have been granted, but, as the court entered judgment that the plaintiff take nothing against said defendant by reason of his action, it follows that the judgment of the trial court should be, and the same is hereby, affirmed." (P. 708 of 81 Cal.App.) This is not an express holding that a court may allow an amendment which ousts it of jurisdiction, but the existence of such a power seemed implied. In *A. Hamburger & Sons, Inc.* v. *Kice* (1933), 129 Cal.App. 68 [18 P.2d 115], a demurrer to the complaint was sustained with leave to amend. The amended complaint alleged a sufficient cause of action for an amount less than $2,000, hence within the jurisdiction of the municipal court, not the superior court. A demurrer to the amended complaint was sustained on the sole ground of lack of jurisdiction. The judgment entered thereon was affirmed. Again, the existence of a power in the trial court to allow an amendment which ousts it of jurisdiction seems implicit from the decision rendered.

Crowe Glass Company, the real party in interest herein, relies upon *Wells Fargo Bank & U. T. Co.* v. *Broad*, 3 Cal. App.2d 45 [39 P.2d 241], and *Gardiner* v. *Royer*, 167 Cal. 238 [139 P. 75], neither of which is applicable. In the Wells Fargo Bank case the court did say that "determination of the question of jurisdiction depends upon the amount claimed in the *ad dammum* clause of the complaint [citations], at the time of the commencement of the action [citation], and does not depend in any way upon the amount found upon trial to be due [citations]." (P. 46 of 3 Cal.App.2d.) The court was answering the erroneous contention that a court which initially had jurisdiction, upon a complaint demanding more than $300, lost jurisdiction when it found less than $300 due and owing. Also, the question of power to allow an amendment was not involved. The situation in the Gardiner case was similar. The reviewing court held that if the amount of the demand in the complaint (made in good

faith and reasonably supported by the allegations of the complaint) exceeded $300, the superior court had jurisdiction and did not lose jurisdiction "by the establishment to the satisfaction of the court of a defense to the whole or any portion of the claim, whether by demurrer, or by evidence on the trial." (P. 244 of 167 Cal.) Again, no amendment of a pleading was involved.

Decisions in other states are of no real assistance. They vary greatly, due it would seem to the varying provisions of applicable statutes and the facts peculiar to each case. (See the cases cited in 21 C.J.S., Courts § 69, at pp. 90-103, and in 15 C.J., Courts § 55, at pp. 759-760, and Courts § 73, at pp. 776-779.)

Crowe Glass Company relies upon three cases* from other states, but they are not persuasive. Each involved a judgment rendered in an amount exceeding the trial court's jurisdiction, after the allowance of an amendment in an excessive amount. In each case the reviewing court remitted the excess over the jurisdictional amount. In none was there any analysis of constitutional or statutory provisions concerning jurisdiction, power to amend, or power to allow amendments, and no mention of any power to transfer a cause to a court that would have jurisdiction. The mere statement of these factors shows the inapplicability of those cases.

Thus far we have considered the scope of the power of amendment without reference to section 396 of the Code of Civil Procedure. It was amended in 1933 to allow the transfer of an action to a court of competent jurisdiction when it appears that the court in which pending lacks jurisdiction, whether it so appears at the commencement of the action or thereafter.

The first paragraph of section 396 deals with such a transfer when an action is "commenced" in a court lacking jurisdiction of the subject matter "as determined by the complaint."

■■■■ The second paragraph provides for the transfer of an action commenced in a court having jurisdiction of the subject matter, "as determined by the complaint," when it thereafter appears from the "verified pleadings" or "at the trial, or hearing," that the determination of the "action" or of a counterclaim or of a cross-complaint "will necessarily involve the determination of questions not within the juris-

---

*Avery v. Ginsburg (1917), 92 Conn. 208 [102 A. 589]; Wilson v. White (1906), 77 Neb. 351 [109 N.W. 367, 124 Am.St.Rep. 152]; and Siedel v. Muehlenbrink (1927), 220 App.Div. 69 [220 N.Y.S. 621].

diction of the court" in which the action is pending. The word "pleadings" includes the complaint as well as counter-claim or cross-complaint. If in the type of case to which the second paragraph of the section applies, subject matter not within the jurisdiction of the court appears in the "verified complaint," it could get there only by amendment of the original complaint because the original complaint showed no lack of jurisdiction. Therefore the second paragraph seems to sanction an amendment which increases the *ad damnum* clause of the complaint in a municipal court to an amount above the jurisdictional $3,000. It certainly does not prevent such an amendment.

Greater reason for such an interpretation appears when we compare this paragraph with the provisions of the antecedent statute, former section 838* of the Code of Civil Pro-

---

*Section 838 was repealed by the very act which amended section 396 to provide for transfer. (Stats. 1933, ch. 744, p. 1836, at p. 1904.) The bill which became chapter 744 amended various portions of the Code of Civil Procedure, including § 396. It was prepared by the California Code Commission.

The commission in its notes to that bill as prepared and distributed prior to the 1933 session, said, in part, concerning sections 396 and 838:
. "Section 396 is new. At present if an action is begun in a court which lacks jurisdiction the action must be *dismissed*. (The provision for transfer of certain mechanics' liens cases when begun in municipal courts, and for transfer from justices' courts when defendant's answer brings in questions of title to real estate (see § 838, C.C.P.—*probably impliedly repealed by the 1929-1931 Amendments to § 112*, C.C.P.) constitute, it is believed, the only exceptions.) It is submitted that the court in which the action is commenced in such cases should be able to transfer it to the proper court, the costs to be borne by the plaintiff. Such transfer should, of course, be mandatory.

"In cases where, due to developments subsequent to the commencement of the action, it appears that the court in which the action is pending lacks jurisdiction, provision is made for transfer to the proper court. Such a provision has been in our code since 1880 (838, C.C.P.), limited, however, to justices' courts. It should, it is submitted, be made generally applicable."

In that same note the Code Commission cited the statutes of two states and the rules of one state which allowed transfers in similar situations. They also quoted from a decision in one of those states (Mass.) which upheld the constitutionality of the statute and recognized it as adopted "in furtherance of a policy frequently exemplified in legislative acts to enable a party who has brought a cause seasonably to try it upon its merits, notwithstanding defects in the form or substance of pleadings, or error in the remedy asked, or mistake in the tribunal invoked, rather than to compel him to begin it anew . . ." (*Browne* v. *Browne, 215* Mass. 76 [102 N.E. 329, 330].)

That note concludes with this statement: "It should be noted that § 838, C.C.P. (in the code since 1880) provides for transfer from a justices' to the superior court in cases where certain questions beyond the jurisdiction of justices' courts arise. This provision has never been questioned."

cedure. We find a marked enlargement in scope. Section 838 provided that "if it appear, from the *answer* of the defendant, *verified* by his oath, that the determination of the action will necessarily involve" certain questions beyond the jurisdiction of the justice's court, "the justice must suspend all further proceedings . . . and certify the pleadings . . . to the clerk of the superior court of the county . . ." (As amended by code amendments 1880, ch. 34, p. 18; emphasis added.) The enlargement from "answer . . ., verified by his oath" (§ 838) to "verified pleadings" (2d paragraph of § 396) lends emphasis to the view we have expressed.

■ However, we must consider the possible effect of a certain amendment to section 396 made in 1935, one which inserted the following as the fourth paragraph of the section: "Nothing herein shall be construed to preclude or affect the right to amend the pleadings as provided in this code." The use of the word "preclude" means that nothing in the section prevents the exercise of the right to amend. If "affect" is used in the sense of "adversely affect," it means the same. In that case the other provisions are left free to enlarge the right of a party to amend and the power of the court to allow amendments.* But if "affect" is used in the sense of "directly affect" it would seem to prevent the other provisions from operating as an enlargement of the right to amend, leaving that right to depend for its creation upon other provisions of the law. Even if so, the practical result is substantially the same, for the 1935 insert places no limitation upon the "jurisdiction" which the other provisions of the section confer, the most significant of which is the power to transfer an action if the court in which it is pending lacks or loses jurisdiction of the subject matter. The existence of that power operates to remove a barrier to the exercise of the right to amend in a given situation: e. g., the removal of a legal barrier if a proposed amendment and the resultant dismissal of the action would jeopardize the rights of the opposite

---

*The word *affect* is "often used in the sense of acting injuriously upon persons and things . . ." (*Ryan* v. *Carter*, 93 U.S. 78, 84 [23 L.Ed. 807].) Of a proviso in a certain statute that nothing contained in the act shall " '. . . be construed to *affect or impair* the rights of any individual . . . , which are derived from any grant of the French or Spanish Governments,' " the court in *Tyler* v. *Wells*, 2 Mo.App. 526 at 538, said, "clearly nothing was forbidden by this act that did not tend to 'affect or impair the rights,' etc., of any prior claimant. If the necessary or accidental operation of the section to which this proviso was annexed were to *validate and strengthen* the rights of a prior claimant, no one, we think, would dream that such operation was hindered by the proviso."

party; the removal of a practical barrier, when a plaintiff discovers his demand is too small and the statute of limitations has run against his filing anew in a court having jurisdiction of the larger amount. The latter is the type of case here involved.

In the municipal court petitioner Thomasian, in behalf of his proposed amendment, represented that developments since the filing of his complaint demonstrated that his injuries were far more serious than they at first seemed to be. No counteraffidavit was presented, insofar as the record herein discloses. The judge believed that those representations were made honestly and in good faith. Should he deny the application and thereby forever preclude plaintiff from recovering more than $3,000 even though at the trial it might develop that plaintiff suffered damages in a much greater amount? The time had gone by within which plaintiff could dismiss this action and file anew in the superior court without facing the bar of the statute of limitations. The judge, in granting the motion, impliedly found that the amendment would be "in furtherance of justice" and that its allowance and the consequent transfer to the superior court would not jeopardize the rights of the opposite party.

We conclude that the municipal court has power to allow the amendment of a complaint which increases the demand to an amount greater than the $3,000 which under section 89 of the Code of Civil Procedure that court has jurisdiction to consider and determine. Such an amendment must of course meet the tests applied in other types of cases: e. g., its allowance must be in furtherance of justice. We are not here reviewing the order made in the municipal court in this case. That is the function of the superior court in the proceeding still pending before it, initiated by the petition of Crowe Glass Company for a writ of review.

The alternative writ of prohibition is discharged. The judgment rendered by the appellate department of the superior court in May, 1953, is annulled. Let a peremptory writ of mandamus issue directing the respondent superior court, not the appellate department thereof, to assume and exercise jurisdiction over the original proceeding in certiorari which was initiated by the petition of Crowe Glass Company for a writ of review of the municipal court order which granted petitioner leave to amend his complaint.

Peters, P. J., and Bray, J., concurred.