[Crim. No. 32824, Second Dist., Div. One. Apr. 26, 1979.]

In re MARY LORETTA SCHIERING on Habeas Corpus.

THE PEOPLE, Plaintiff and Appellant, v.
MARY LORETTA SCHIERING, Defendant and Respondent.

## COUNSEL

Richard L. Knickerbocker, City Attorney, and James W. Webster, Deputy City Attorney, for Plaintiff and Appellant.

Nasim Naick Elliott, under appointment by the Court of Appeal, Petitioner, Defendant and Respondent.

## OPINION

**HANSON, J.**—The People appeal from an order of the appellate department of superior court granting the petition of Mary Loretta Schiering for habeas corpus. Defendant Schiering was originally convicted in municipal court, pursuant to jury verdict, on charges of petty theft (Pen. Code, § 484) and sentenced to 30 days in the county jail. Execution of sentence was stayed and she was placed upon one-year summary

probation upon condition that she pay a total fine and penalty of $125. Defendant Schiering filed an appeal and concurrently filed a petition for habeas corpus with the appellate department of superior court. The appellate department granted her petition, directed the trial court to set aside the judgment of conviction and dismissed as moot her appeal. From this order the People have appealed.

FACTS

Sheryl Hufstedler testified that on November 16, 1976, she was an employee of Shaw Investigation and Security and was assigned to apprehend shoplifters at a Sav-On Drug Store in Santa Monica.

At approximately 6 p.m. on that date Ms. Hufstedler's attention was directed to defendant Schiering who had a very large basketpurse inside her shopping cart. Ms. Hufstedler noticed that the defendant seemed to be segregating the items in her shopping cart placing some items toward the back and other items on the side. She saw the defendant take two cartons of cigarettes and place them inside her basketpurse. She later observed the defendant place a mechanical pencil, thesaurus, wallet inserts, and approximately five to ten paperback books inside her basketpurse.

When defendant Schiering approached the checkstand, Ms. Hufstedler stood in line behind her. Since there was only one customer in line between the defendant and Ms. Hufstedler, the witness was able to clearly observe the transaction that occurred between the defendant and the cashier. The defendant paid for the items that remained in the shopping cart. After the defendant received her change, she made a second purchase. The defendant then left the store without receiving her change from the second purchase and without making an attempt to pay for the items in her basketpurse.

Ms. Hufstedler approached defendant Schiering outside the store and told her that she was under citizen's arrest for shoplifting. The defendant responded that she had intended to return to the store to pay for the items in her basketpurse as soon as she obtained her checkbook from the car. Ms. Hufstedler testified that defendant did not mention anything concerning a checkbook to the cashier. She then examined defendant Schiering's purse and found the items that she had observed the defendant place inside together with additional items.

Defendant Schiering testified in her own behalf. She stated that at the time of the incident she was tired since she had run several errands and had taken a driver's license test. Also on the day of the incident she was unable to close the window on the driver's side of her car. Because her car was open and she had to make several stops, she placed her checkbook underneath the driver's seat. When she entered Sav-On, she forgot that her checkbook was in the car. Defendant further testified that the object referred to by Ms. Hufstedler was her shopping basket. She used the basket to do her shopping and segregate items which were hers from those she purchased for her husband. She normally paid for her items by cash and her husband's items by check since her son, an accountant, had advised her that all purchases for her husband were tax deductible because he was disabled.

Defendant testified that during the course of her shopping she pushed her shopping cart to the checkstand and told the cashier that she wished to speak with the manager. When the manager appeared, she held a conversation with him concerning some color forms that she wished to order. While the defendant was talking with the manager, she noticed that the cashier had started to check out her items. She testified that she stated to the cashier that she had to get her checkbook. Defendant Schiering said that while she was talking to the manager about the color forms, she retrieved her shopping basket from the shopping cart and placed it at her feet.

Defendant Schiering stated that she gave the manager her maiden name and telephone number and asked him to order the color forms; she then paid for the items in her shopping cart. After receiving her change, she made a second purchase. At this point she remembered that she needed her checkbook. She testified that she was upset because the cashier had checked out her purchases before she was ready. She further declared that when she left the store to obtain her checkbook, she was approached by Ms. Hufstedler who told her that she was under citizen's arrest for shoplifting.

## ISSUES

The People on appeal contend (1) that the reviewing court erred in finding that the defendant was not effectively assisted by defense counsel; and (2) that defense counsel's conduct did not withdraw a crucial defense from defendant Schiering.

Defendant Schiering argues that this appellate court lacks jurisdiction of this appeal.

DISCUSSION

I

Defendant Schiering in her response to the People's appeal from the action of the appellate department contends that this court does not have jurisdiction to review the granting of the writ of habeas corpus.

In *Whittaker* v. *Superior Court* (1968) 68 Cal.2d 357 [66 Cal.Rptr. 710, 438 P.2d 358], the California Supreme Court declared the rules applicable to appeals from decisions of the appellate department of superior court as follows: "No further remedy by way of appeal is available after decision of the superior court or appellate department (whether or not a trial de novo is had) unless, in accordance with rules promulgated by the Judicial Council, the Court of Appeal orders the case transferred to itself upon certification by the superior court, or determination by the Court of Appeal itself, that such transfer 'appears necessary to secure uniformity of decision or to settle important questions of law.' [Citations]" (*Id.,* at p. 365.)

Rule 62(a) of the California Rules of Court provides for the transfer of appellate department decisions as follows: "A Court of Appeal may order a case transferred to it for hearing and decision when the superior court certifies or the Court of Appeal on its own motion determines from an opinion of the appellate department published or to be published in Advance California Appellate Reports that such transfer appears necessary to secure uniformity of decision or to settle important questions of law."

In the present case, the appeal was not certified to the Court of Appeal by the appellate department. Furthermore, the opinion of the appellate department was not published. Yet were this court to refuse to review the granting of writ of habeas corpus, the People would have no right of review.

Section 1506 of the Penal Code[1] extends to the appellate court jurisdiction to review habeas corpus proceedings on appeal from superior

---

[1]Section 1506 of the Penal Code provides, in pertinent part, as follows: "An appeal may be taken to the court of appeal by the people from a final order of a superior court

courts. ". . . 'Jurisdiction is vested by the constitution in the court, not in a particular judge or department. . . .' [Citations.] . . ." (*Thomasian* v. *Superior Court* (1953) 122 Cal.App.2d 322, 331-332 [265 P.2d 165].) Thus, habeas corpus proceedings, whether decided in the appellate department acting in its capacity as the superior court or any other department of the superior court, are subject to review by this court.

## II

■ Defendant Schiering contends she was denied effective assistance of counsel. In *People* v. *Pope* (1979) 23 Cal.3d 412 [152 Cal.Rptr. 732, 590 P.2d 859], the California Supreme Court adopted the rule that "the burden of proving a claim of inadequate trial assistance is on the appellant. (*People* v. *Camden, supra,* 16 Cal.3d [808] at p. 816 [129 Cal.Rptr. 438, 548 P.2d 1110].) Thus, appellant must show that trial counsel failed to act in a manner to be expected of reasonably competent attorneys acting as diligent advocates. In addition, appellant must establish that counsel's acts or omissions resulted in the withdrawal of a potentially meritorious defense." (*People* v. *Pope, supra,* 23 Cal.3d at p. 425.) Defendant Schiering met the necessary burden therein set forth.

In *In re Bell* (1942) 19 Cal.2d 488 [122 P.2d 22], the California Supreme Court discussed the appropriateness of issuing a writ of habeas corpus in reviewing proceedings which occurred in a justice court. "[T]he courts can permit an independent review by habeas corpus of matters over which the trial court had jurisdiction, apart from any remedy by appeal, because it is warranted by the importance of securing a correct determination on the question of constitutionality. 'It must never be forgotten that the writ of *habeas corpus* is the precious safeguard of personal liberty and there is no higher duty than to maintain it unimpaired. . . . the rule is not so inflexible that it may not yield to exceptional circumstances where the need for the remedy afforded by the writ of *habeas corpus* is apparent.' (Chief Justice Hughes in *Bowen* v. *Johnston,* 306 U.S. 19, 26, 27 [59 S.Ct. 442, 83 L.Ed. 455].) . . ." (*In re Bell, supra,* 19 Cal.2d at p. 493, original italics.)

"A habeas corpus proceeding, however, is in the nature of a collateral attack, and a judgment that is collaterally attacked carries with it a presumption of regularity. [Citations.] This presumption of regularity

made upon the return of a writ of habeas corpus discharging a defendant or otherwise granting all or any part of the relief sought, in all criminal cases, excepting criminal cases where judgment of death has been rendered, and in such cases to the Supreme Court; . . ."

applies to the proceedings of a justice's court only if the judgment affirmatively shows, as in the present case, that the court has jurisdiction over person and subject matter. [Citations.] The presumption, however, is not conclusive in a habeas corpus proceeding but places upon petitioners the burden of proving that their convictions were based not upon the constitutional but upon the unconstitutional provisions of the ordinance. [Citation.] Unless they can sustain this burden they must be considered as having been convicted of violating the valid provision relating to acts of violence, and the judgment must be upheld.

"A petitioner seeking habeas corpus, however, is not confined to the face of the record in attempting to sustain the burden of proving that his conviction was in violation of his constitutional rights. The courts of both the United States and California have declared that the remedy of habeas corpus permits an examination not only of the actual evidence introduced at petitioner's trial but of any necessary additional evidence bearing upon the infringement of petitioner's constitutional rights. [Citations.] This examination is made, not to pass upon the sufficiency of the evidence to support the verdict, but to determine what the verdict actually was, so that the court may decide whether it violates constitutional guaranties. Such an examination will be made in a habeas corpus proceeding whenever a petitioner has been deprived of due process of law, whatever form that deprivation has taken. . . ." (*In re Bell, supra,* 19 Cal.2d 488, 500-501.)

The referee found that appointed counsel failed to promptly bring a discovery motion to compel the prosecution to produce names and statements of crucial defense witnesses. In addition, the referee found that counsel failed to call witnesses who would have been able to corroborate defendant's testimony explaining her acts. In granting the motion for the writ of habeas corpus, the appellate department adopted the referee's findings. "[T]he scope of our review is limited by principles which were enunciated in *Crawford* v. *Southern Pacific Co.* (1935) 3 Cal.2d 427 [45 P.2d 183], as follows: 'In reviewing the evidence on such an appeal all conflicts must be resolved in favor of the respondent, and all legitimate and reasonable inferences indulged in to uphold the verdict if possible. It is an elementary, but often overlooked principle of law, that when a verdict is attacked as being unsupported, the power of the appellate court begins and ends with a determination as to whether there is any substantial evidence, contradicted or uncontradicted, which will support the conclusion reached by the jury. When two or more inferences can be reasonably deduced from the facts, the reviewing court is without

power to substitute its deductions for those of the trial court. [Citations.]' (3 Cal.2d at p. 429.)" (*Louisville Title Ins. Co.* v. *Surety Title & Guar. Co.* (1976) 60 Cal.App.3d 781, 786-787 [132 Cal.Rptr. 63].)

The referee's findings support the conclusion that defendant Schiering was denied adequate and effective assistance of counsel. Thus, since defendant was deprived of such a fundamental constitutional right, the appellate department's order granting the writ of habeas corpus and vacating the judgment is affirmed.

### DISPOSITION

The judgment is affirmed.

Lillie, Acting P. J., and Thompson, J., concurred.