[Civ. No. 45420. First Dist., Div. Four. Apr. 15, 1980.]

In re FRANK G., a Person Coming Under the Juvenile Court Law.
THE PEOPLE, Plaintiff and Respondent, v.
FRANK G., Defendant and Appellant.

COUNSEL

Randall A. Padgett, under appointment by the Court of Appeal, for Defendant and Appellant.

George Deukmejian, Attorney General, Robert H. Philibosian, Chief Assistant Attorney General, Edward P. O'Brien, Assistant Attorney General, and Robert R. Granucci, Deputy Attorney General, for Plaintiff and Respondent.

OPINION

CHRISTIAN, J.—Frank G. appeals from a judgment committing him to the Youth Authority after the juvenile court sustained allegations

that appellant had committed robbery (Pen. Code, § 211), false imprisonment (Pen. Code, § 236) and auto theft (Veh. Code, § 10851).

The findings and judgment are based on evidence that appellant and several companions invaded a business establishment in the evening, captured and tied up the maintenance man and the plant manager, and took several items of property.

Appellant's brother, Carlos, had previously been employed at the establishment. The plant manager recognized one of the masked robbers as Carlos by his voice.

Several months later, appellant went to the Los Angeles County Sheriff's Department and gave a tape-recorded confession. At trial, appellant testified that he gave the confession because he and his family had been threatened by Carlos, who was himself implicated in the robbery and demanded help in fabricating a defense.

Appellant contends that it was a deprivation of the constitutional right to effective assistance of counsel for trial counsel to neglect making a challenge to the admissibility of the taped confession. This contention is entirely without substance. Defense counsel thoroughly examined the police officer who took the statement, questioning the adequacy of the *Miranda* warning. The claim that appellant had given a false admission under duress exerted by his brother was undermined by the showing that Carlos had been in custody for as long as two months when the pressure was supposedly exerted. There is no constitutional requirement that defense counsel make all conceivable motions and objections for which there is any colorable basis, even though he considers the motion or objection unfounded. Appellant has not shown that a reasonably competent attorney acting as a diligent advocate could not have withheld making the duress challenge on the basis of tactical judgment that the challenge was unsound and that to make it would only weaken the credibility of appellant's case. Moreover, there is no substantial basis for speculating that if defense counsel had moved to strike the confession the court might have accepted appellant's story and granted the motion. Thus, the failure of defense counsel to move to strike the admission did not result in the "withdrawal of a potentially meritorious defense." (See *People* v. *Pope* (1979) 23 Cal.3d 412, 425 [152 Cal.Rptr. 732, 590 P.2d 859].)

The judgment is affirmed.

Caldecott, P. J., concurred.

**POCHÉ, J.**—I dissent.

Appellant contends that he was inadequately represented because his counsel did not challenge a confession as being the product of duress. My majority colleagues reject this for two reasons, neither of which I understand to be valid under the law of this state as enunciated by the California Supreme Court in *People* v. *Pope* (1979) 23 Cal.3d 412 [152 Cal.Rptr. 732, 590 P.2d 859] and *People* v. *Nation* (1980) 26 Cal.3d 169 [161 Cal.Rptr. 299, 604 P.2d 1051].

The first explanation given is that a diligent advocate might have made the tactical judgment that a duress challenge "would only weaken the credibility of appellant's case." It is difficult to see how failing to challenge the admissibility of a coerced confession provides any tactical advantage. (See *People* v. *Pope, supra*, 23 Cal.3d 412, 426, and *People* v. *Nation, supra*, 26 Cal.3d 169, 179.) The case was tried by the court. Even if the evidence supporting the use of duress in prompting the confession is very weak, the defense loses nothing in moving to strike it. If nothing more, such a motion preserves for the record defendant's objection to admission of a confession he considers involuntary. At worst, the court trying the case might deem the motion unfounded.

My colleagues' second ground for upholding trial counsel's inaction is that failure to challenge the confession did not result in the "withdrawal of a potentially meritorious defense" because the court might not have accepted appellant's story and granted the motion. Application of such a criterion results from a distorted translation of *People* v. *Pope, supra*, 23 Cal.3d 412, 425, which does *not* require a showing of assured success. All that is needed is failure to raise a *potentially* meritorious defense: "[a] crucial defense is not necessarily one which, if presented, 'would result inexorably in a defendant's acquittal.'" (*Id.*, p. 425, fn. 15.) In at least four cases, *Pope* error has been found for failure to take an appropriate motion, where no showing was made that the court would have granted the motion. (*People* v. *Cooper* (1979) 94 Cal.App. 3d 672, 682 [156 Cal.Rptr. 646] (failure to move for disclosure of informant's identity); *People* v. *Schiering* (1979) 92 Cal.App.3d 429, 435 [154 Cal.Rptr. 847] (failure to bring discovery motion to compel the prosecution to produce names and statements of crucial defense witnesses); *People* v. *Farley* (1979) 90 Cal.App.3d 851, 868 [153 Cal.

Rptr. 695] (failure to make the appropriate suppression of evidence motions); *People* v. *Nation, supra*, 26 Cal.3d 169, 181 (failure to obtain adjudication of the admissibility of identification evidence).)

I would remand for a hearing on the question of whether the confession was the product of duress.

Appellant's petition for a hearing by the Supreme Court was denied June 12, 1980. Bird, C. J., was of the opinion that the petition should be granted.