[S. F. No. 2279.   Department One.—July 22, 1902.]

## SAN FRANCISCO SAVINGS UNION, Respondent, v. E. B. LONG et al., Appellants.

INTERPLEADER—DISMISSAL OF PLAINTIFF—LITIGATION BETWEEN DEFEND-ANTS—COSTS UPON APPEAL—ORDER STAYING EXECUTION AGAINST PLAINTIFF.—In an action of interpleader, where no issue is joined on the right of the plaintiff to bring the action, and the plaintiff is dismissed therefrom, he ceases to be a party to the action; and where the defendants litigate between themselves the right to the money deposited in court, the costs of appeal awarded to the appellant from the judgment between them can only be enforced against the respondent upon that appeal, and where they were sought to be enforced against the plaintiff in the action the court properly made an order perpetually staying execution against the plaintiff.

APPEAL from an order of the Superior Court of the City and County of San Francisco staying execution against the respondent. John Hunt, Judge.

The facts are stated in the opinion of the court.

T. C. Spelling, for Appellants.

H. C. Campbell, and Charles N. Fox, for Respondent.

HARRISON, J.—The question presented on this appeal is a portion of the aftermath of *San Francisco Savings Union* v. *Long,* 123 Cal. 107. In that case this court reversed the judgment of the superior court and remanded the cause for a new trial, in accordance with the opinion then rendered. In issuing the *remittitur* the clerk added to the aforesaid judgment the words "appellants to recover costs of appeal herein," under the provisions of rule XXIII of this court, which provides that "In all cases in which the judgment or order appealed from is reversed or modified, and the order of reversal or modification contains no directions as to costs of appeal, the clerk will enter upon the record, and insert in the *remittitur,* a judgment that the appellant recover the costs of appeal."

After this *remittitur* had been filed in the superior court, the appellants filed with the clerk of that court a memorandum of their costs upon the appeal, and sought to recover the same from the plaintiff, the respondent herein. The plaintiff, however, obtained from the court an order perpetually staying the issuance of an execution for said costs against it. From this order the present appeal has been taken.

Neither in the decision of this court nor upon the face of the *remittitur* was designated the parties from whom the costs were to be recovered, and it becomes necessary, therefore, to examine the case itself for the purpose of determining who were the parties adverse to the appellants upon that appeal, since it is only those parties from whom they are entitled to recover their costs. The action, as stated in the opinion, was an action of interpleader, brought by the plaintiff to have the defendants litigate between themselves and have determined to whom the money involved in the action should be paid. As also stated therein, in such cases there may always be a twofold contest and two sets of pleadings: 1. As to the right of the plaintiff to bring the suit and force the defendants to interplead; and 2. If such right is maintained, the several complaints of the defendants in which their respective

rights to the subject in controversy are set up. It was held that none of the defendants had taken issue with the plaintiff as to its right to compel the parties to interplead, and that those who had appeared had merely set out their respective rights as against the others; that upon this state of facts, the plaintiff having deposited the money in court, was dismissed from the case. It was also held that the action was properly brought by the plaintiff under section 386 of the Code of Civil Procedure, to have determined the conflicting claims of the defendants in reference to the deposit. 'That section provides that whenever conflicting claims are made upon a person, relating to personal property, such person "may bring an action against the conflicting claimants to compel them to interplead and litigate their several claims among themeselves." By the order of the superior court dismissing the plaintiff from the action and compelling the defendants to litigate their several "conflicting claims" to this fund among themselves, the plaintiff ceased to be a party to the action, and the conflicting claimants became the parties plaintiff and defendant therein, according to their respective claims. After the dismissal of the plaintiff the controversy was between one portion of the defendants against the others who asserted their claim to the fund that had been deposited in court by the plaintiff, and the action of this court upon the appeal from the judgment was limited to a consideration of these claims. This is indicated by its order directing a new trial "in accordance with this opinion," the opinion being devoted to a determination of the rights of the several defendants among themselves. As the plaintiff was not one of the respondents upon this controversy, it is manifest that the appellants are not entitled to recover their costs from it.

After the appeal herein had been taken, the appellants applied to this court for a writ of review for the purpose of annulling the order now appealed from, and also for a writ of mandate compelling the clerk of the superior court to issue an execution against the plaintiff for their costs. In denying their application, this court said: "It is quite apparent that the Savings Union having been dismissed from the case in the court below, and that action having been approved here, the judgment for costs does not run against said San Francisco Savings Union, and the petitioners here, as the

appellants in said case, have no right to an execution against said Savings Union.'' (*Long* v. *Superior Court,* 127 Cal. 686.)

The order is affirmed.

Garoutte, J., and Van Dyke, J., concurred.