[Civ. No. 33848.   Second Dist., Div. Four.   Mar. 26, 1969.]

GREAT-WEST LIFE ASSURANCE COMPANY, Petitioner,
v. THE SUPERIOR COURT OF LOS ANGELES
COUNTY, Respondent; HAROLD S. JONES et al., Real
Parties in Interest.

John D. Maharg, County Counsel, and Jean Louise Web-
ster, Deputy County Counsel, for Respondent.

Douglas Fendler for Real Parties in Interest.

FILES, P. J.—This proceeding is here because neither the
superior court nor the municipal court is willing to try a
pending interpleader action, each court having concluded that
the other has exclusive jurisdiction. A writ of mandate is an
appropriate remedy for such an impasse. (*St. James Church*
v. *Superior Court* (1955) 135 Cal.App.2d 352, 355 [287 P.2d
387].)

On June 5, 1964, plaintiff filed a complaint in interpleader
in the municipal court, naming as defendants Harold S.
Jones, Carol Jones, Dale Lee, and Fendler, Gershon & Warner,

a partnership. This complaint alleged that plaintiff had made contracts with defendant Harold Jones whereby the latter was entitled to commissions on the renewal of insurance business submitted by him, that as of that date $327.97 was due and owing to him under the contract, "and that additional sums may become due and owing from plaintiff to said defendant under said contracts. . . ." The complaint further alleged that each of the defendants claimed to be entitled to all or some of the proceeds. The complaint prayed that the defendants be compelled to interplead their claims, and that the court adjudge that upon payment of the proceeds into court, plaintiff be discharged of any liability to any of the parties.

On September 30, 1964, Carol Jones filed a disclaimer. The answer of Harold Jones claimed all the proceeds of the contracts. The answer of the Fendler firm claimed that it had a lien entitling it to receive all of the proceeds of the contract until it has been paid $2,725 plus interest and costs, including attorney fees. The answer of Dale Lee alleged that by assignment from Jones he was entitled to receive $1,500 plus interest and costs from the proceeds of the contract.

From time to time during the pendency of the action as additional amounts came due under the contract, plaintiff deposited the money with the court.

On March 5, 1968, plaintiff made a motion for a judgment discharging it from liability for the amounts deposited, dismissing it from the action and awarding it costs and attorney fees payable out of the fund on deposit. Accompanying the notice of motion was a declaration stating that the sum then on deposit with the court was $4,343.86.

The order of the municipal court, filed March 11, 1968, provides:

(1) that this is a proper case for interpleader;

(2) that plaintiff is discharged from further liability to certain named defendants "to the amount of said deposit";

(3) that as further sums accrue on the contracts plaintiff is ordered to deposit them with the clerk of the court;

(4) plaintiff will receive out of the money on deposit its costs and reasonable attorney fees "to be set by the Court at the trial of this matter."

On May 16, 1968, plaintiff's attorney filed a declaration that additional amounts had been deposited with the court, bringing the total on deposit to more than $5,000. Thereupon,

at plaintiff's request, the municipal court made an ex parte order transferring the action to the superior court.

On October 16, 1968, the master calendar department of the superior court transferred the case to a trial department for trial. The trial judge conferred with counsel in chambers, and then announced that he did not believe the superior court had any jurisdiction, and for that reason he would not try the case. Plaintiff thereupon petitioned this court for a writ of mandate.

The California Constitution, article VI, section 10, provides "Superior Courts have original jurisdiction in all causes except those given by statute to other trial courts."

Code of Civil Procedure section 89, subdivision (b), gives to the municipal courts original jurisdiction "in actions of interpleader, where the amount of money, or the value of the property involved, does not exceed five thousand dollars ($5,000)."

As a background for applying that statute to the instant case it is helpful to review some of the principles governing interpleader.

Code of Civil Procedure section 386 provides that when conflicting claims are made upon a person, he may bring an action against the conflicting claimants to compel them to interplead and litigate their claims. The statute further provides that the amount which the interpleading party admits to be due may be deposited with the clerk of the court at the time of the filing of the complaint without first obtaining an order of the court therefor; and that the interpleading party may be discharged from liability to all of the claimants. The procedure for discharging an interpleading plaintiff is not spelled out in the statute,[1] but has developed through the case law.

An action in interpleader has been described as ". . . a twofold contest: First, as to the right of the plaintiff to bring the suit and to force the defendants to interplead; and, if such right is maintained, the litigation among the defendants . . . Whether the plaintiff shall be permitted to maintain such an action is first determined, and, if his right is sustained, an interlocutory decree is entered, requiring the defendants to litigate their claims *inter sese*." (*San Francisco Sav. Union* v. *Long* (1898) 123 Cal. 107, 109 [55 P. 708].)

---

[1]Code of Civil Procedure section 386.5 provides for the discharge and dismissal of a stakeholder defendant.

Following the entry of the interlocutory decree the plaintiff ceases to be a party to the litigation. (*San Francisco Sav. Union* v. *Long, supra,* at p. 110; *San Francisco Sav. Union* v. *Long* (1902) 137 Cal. 68 [69 P. 687]; *Woodmen of the World* v. *Rutledge* (1901) 133 Cal. 640, 643 [65 P. 1105]; *Van Orden* v. *Anderson* (1932) 122 Cal.App. 132, 140 [9 P.2d 572]; see 2 Witkin, Cal. Procedure (1954) Pleading, § 129, p. 1111; 28 Cal.Jur.2d, Interpleader, § 22, p. 465.)

█ An examination of the proceedings in this case in the light of the foregoing rules explains the jurisdictional doubt which has developed. The complaint filed in 1964 alleged that only the sum of $327.97 was owing under the contracts, and that "additional sums may become due" in the future. As of that time the only "amount involved," so far as could be ascertained from the pleading was an amount within the jurisdiction of the municipal court. When additional amounts came due under the contracts and were deposited in court, plaintiff made no change in its pleading.

When the amount on deposit reached $4,343.86 plaintiff applied for a judgment in interpleader dismissing it from the case. That application, if granted, would have terminated the first part of the twofold contest. But the order made by the municipal court on March 11, 1968, was not the interlocutory judgment referred to in the cases cited above. The order made differs from the typical interlocutory judgment in interpleader in these respects:

(a) It purports to discharge plaintiff from the claims of three of the defendants, but fails to mention the fourth defendant, Dale Lee.

(b) The order specifically directs plaintiff to deposit additional moneys with the clerk of the municipal court as they become due. This leaves open the propriety of interpleading further amounts. The right to interplead depends upon "facts showing a reasonable probability of double vexation." (*Hancock Oil Co.* v. *Hopkins* (1944) 24 Cal.2d 497, 510 [150 P.2d 463].) A finding that plaintiff is subject to the risk of double vexation for the amount then on deposit is not the same as a finding that there may be conflicting claims to all sums that may become due under the contracts in any amount forever. There may well come a time when the amount deposited with the court is so far in excess of what Jones' alleged assignees and creditors are claiming that plaintiff cannot continue to allege that further deposits are necessary for its protection.

Thus the declaration of the municipal court that this was a proper case for interpleader could only refer to the interpleader of the amount then on deposit; and the requirement that plaintiff make further deposits was an acknowledgment that plaintiff was remaining an active party litigant.

(c) The order states that "reasonable attorneys' fees" will be paid to plaintiff out of the fund, but defers until "the trial of this matter" (*i.e.*, the second phase of the twofold contest) the determination of the amount. Code of Civil Procedure section 386.6 provides that when the interpleading plaintiff is discharged and dismissed from the action the court may award him costs and attorney fees from the fund on deposit, and reserve for later determination the question of which of the adverse claimants shall bear the burden. The order made here is not the one contemplated by section 386.6, for it leaves undetermined the amount of the fee, a question on which the plaintiff is entitled to be heard.

It thus appears that despite the so-called order of interpleader, the first phase of the twofold contest remained partially undetermined and of necessity plaintiff remained an active participant in the case.

On May 16, 1968, plaintiff made its request for transfer to the superior court, accompanied by a declaration showing that it had deposited with the clerk amounts in excess of $5,000. The complaint remained as it had been filed originally, showing the amount of $327.97 as the amount interpleaded.

Code of Civil Procedure section 464 provides that the plaintiff may be allowed, on motion, to make a supplemental complaint, alleging facts material to the case occurring after the former complaint.

The deposit of sums which brought the total over $5,000 was a fact occurring after the filing of the complaint which was material to the case in the most fundamental sense. A request for leave to file a supplemental complaint alleging this fact would have served to present the jurisdictional issue clearly. It is settled that the municipal court has jurisdiction to grant leave to a plaintiff to amend his complaint in such a way as to force a transfer of the cause to the superior court for jurisdictional reasons (*Thomasian* v. *Superior Court* (1953) 122 Cal.App.2d 322, 335 [265 P.2d 165]) ; and there is no reason to doubt that the municipal court may authorize the filing of a supplemental complaint which has the same effect.

In the case at bench there has been no objection by anyone

to the conduct of plaintiff in depositing with the clerk the moneys which brought the total above $5,000. Indeed the court, by its "order of interpleader" filed March 11, 1968, ordered that further sums be deposited as they became due. Plaintiff's declaration filed May 16, 1968, in support of the request for transfer, formally called attention to the amount in excess of $5,000. The order of the municipal court transferring the action was a judicial recognition that the amount of money involved was in excess of $5,000.

The difficulty which remains in the superior court is that the complaint fails to show on its face the jurisdictional fact, *i.e.*—the amount involved—although both the municipal and superior courts have knowledge of the fact by inspection of their own records. This irregularity can be overcome by a prompt application by plaintiff in the superior court for leave to file a supplemental complaint. Plaintiff's counsel have, in their petition here, offered to do this.

Let a writ of mandamus issue directing the respondent superior court to (1) make an order directing the filing of a supplemental complaint which alleges the amount of money then involved in the interpleader action, and (2) exercise its jurisdiction to hear and determine the action.

Jefferson, J., and Dunn, J., concurred.