[Civ. No. 42357. First Dist., Div. Three. Nov. 29, 1978.]

FLOWERS AND SONS DEVELOPMENT CORPORATION et al., Plaintiffs and Appellants, v.
THE MUNICIPAL COURT FOR THE SAN FRANCISCO JUDICIAL DISTRICT OF THE CITY AND COUNTY OF SAN FRANCISCO, Defendant and Respondent;
JOSEPH MUSTO ESTATE COMPANY,
Real Party in Interest and Respondent.

COUNSEL

Kerner, Colangelo & Imlay, Morrill Dunn III and James D. Hobbs for Plaintiffs and Appellants.

No appearance for Defendant and Respondent.

Tobin & Tobin, John L. Hosack and Rand L. Peebles for Real Party in Interest and Respondent.

OPINION

**WHITE, P. J.**—Defendants and appellants Flowers and Sons Development Corporation, Jannan Construction, Inc., Stan Flowers and Stan Flowers Company, Inc., appeal from the judgment dismissing their petition for writ of prohibition. They contend on appeal that (1) their petition for writ of prohibition was not prematurely filed; and (2) the municipal court lacked jurisdiction over respondent's amended com-

plaint. Appellants' contentions were meritorious, that is, until the parties in effect stipulated that the Edgewater property was sold. We will explain that this fact revested the municipal court with jurisdiction and we affirm the judgment.

Appellants are defendants and real party in interest Joseph Musto Estate Company (respondent herein) is the plaintiff in an action entitled Joseph Musto Estate Company v. Robert Ryan, et al., No. 692-564, pending in the Municipal Court for the City and County of San Francisco. Essentially, the complaint filed in the municipal court action seeks a money judgment in the sum of $3,650 for a rent deposit for which respondent did not receive credit in connection with the purchase of certain real property (1945 Fairway Drive, San Leandro) from Robert Ryan, William Marocco, and Ryan-Marocco & Company, who were also named as defendants. It is alleged in the complaint that appellants were the secret joint venturers and secret partners of Ryan, Marocco and Ryan-Marocco & Company.

In February of 1977, respondent moved for leave to file an amendment to its complaint. In the proposed amendment respondent alleged that there had been a fraudulent conveyance by Ryan, Marocco and Ryan-Marocco & Company to appellants of certain real property commonly known as 7700 Edgewater Drive, Oakland and which is currently in the possession of appellants. Appellants argued in opposition that the amendment attempted to state a cause of action which is beyond the jurisdiction of the municipal court. On May 23, 1977, the court granted respondent's motion to amend the complaint.

On May 26, 1977, appellants filed their petition for writ of prohibition in the Superior Court of San Francisco County. In the petition appellants allege that the order of the municipal court allowing respondent to file the amendment to the complaint alleging a cause of action for fraudulent conveyance is in excess of the jurisdiction of the municipal court. On the same day the superior court issued an alternative writ of prohibition.

Respondent filed a demurrer to the petition for writ of prohibition alleging that until a judgment is rendered by the municipal court, it is indeterminable upon what theory the trial court will base its decision and tnerefore appellant's petition for writ of prohibition was premature. Respondent also argued in support of its demurrer that the municipal court has jurisdiction to render a money judgment against appellants based upon a fraudulent transfer theory.

On June 27, 1977, the superior court sustained respondent's demurrer without leave to amend on the ground that the petition was premature. Judgment was entered dismissing the action. This appeal followed.[1]

Respondent points out that evidence has been heard on a number of theories other than fraudulent conveyance (i.e., breach of contract, negligent misrepresentation, fraud and conversion) in the municipal court. Respondent asserts that if the trial court bases its decision on a theory other than fraudulent conveyance, the trial court will not be acting in excess of its jurisdiction. Accordingly, respondent argues the petition for writ of prohibition was prematurely filed. Appellants on the other hand urge that the trial court exceeded its jurisdiction when it granted respondent's motion to amend the complaint to state a cause of action based upon a fraudulent conveyance.

■ Neither respondent nor appellants were correct at the time this appeal was filed. It is now settled that under section 396 of the Code of Civil Procedure a municipal court may grant leave to a plaintiff to amend his complaint in such a manner that it will oust the municipal court of jurisdiction. (*Omni Aviation Managers, Inc.* v. *Municipal Court* (1976) 60 Cal.App.3d 682, 684, fn. 1 [131 Cal.Rptr. 758]; *Great-West Life Assur. Co.* v. *Superior Court* (1969) 271 Cal.App.2d 124, 128 [76 Cal.Rptr. 284]; *Thomasian* v. *Superior Court* (1953) 122 Cal.App.2d 322, 335-341 [265 P.2d 165]; *Williams* v. *Rosinsky Motor Co.* (1955) 133 Cal.App.2d Supp. 798, 800-801 [284 P.2d 979].) However, after the municipal court allows the amendment, it should transfer the matter to the superior court on its own motion. Section 396 of the Code of Civil Procedure provides in part: "If an action or proceeding is commenced in or transferred to a court which has jurisdiction of the subject matter thereof as determined by the complaint or petition, and it thereafter appears from the verified pleadings, or at the trial, or hearing, that the determination of the action or proceeding, or of a cross-complaint, will necessarily involve the

---

[1]Appellants actually appealed from the minute order sustaining the demurrer. An order sustaining a demurrer is not appealable. (*Berri* v. *Superior Court* (1955) 43 Cal.2d 856, 860 [279 P.2d 8]; *California Ammonia Co.* v. *Macco Corp.* (1969) 270 Cal.App.2d 429, 433 [75 Cal.Rptr. 753].) A party may not appeal until a judgment is entered dismissing the action. (*Id.*) Appellants did obtain a judgment on July 31, 1978. Under rule 2(c) of the California Rules of Court, this court may treat the notice of appeal as if it were filed immediately after entry of judgment. Rule 2(c) provides: "A notice of appeal filed prior to entry of the judgment, but after its rendition, shall be valid and shall be deemed to have been filed immediately after entry. A notice of appeal filed prior to rendition of the judgment, but after the judge has announced his intended ruling, may, in the discretion of the reviewing court for good cause, be treated as filed immediately after entry of the judgment."

determination of questions not within the jurisdiction of the court, in which the action or proceeding is pending, the court, whenever such lack of jurisdiction appears, must suspend all further proceedings therein and transfer the action or proceeding and certify the pleadings (or if the pleadings be oral, a transcript of the same), and all papers and proceedings therein to a court having jurisdiction thereof which may be agreed upon by the parties, or, if they do not agree, to a court having such jurisdiction which is designated by law as a proper court for the trial or determination thereof." Accordingly, the petition for writ of prohibition was not prematurely filed if the amendment ousted the municipal court of jurisdiction; and the municipal court should have transferred the action to the superior court on its own motion. Did the amendment deprive the municipal court of further jurisdiction over the matter? At the time it was filed, we think it did. However, the matter does not end therewith.

In the amendment to the complaint respondent alleged that Robert Ryan, William Marocco and Ryan-Marocco conveyed the Edgewater property to appellants for an inadequate consideration at a time when Ryan, Marocco and Ryan-Marocco were insolvent and the transfer placed their principal asset beyond the reach of their creditors. Respondent further alleged that appellants knowingly participated in such conveyance. Based on these allegations respondent asked for a money judgment in the amount of $3,650.

■ First appellants alleged that the municipal court has no jurisdiction over the matter because actions under the Uniform Fraudulent Conveyance Act (Civ. Code, §§ 3439-3440.1) are in equity.

Section 86, subdivision (c) of the Code of Civil Procedure provides that the municipal court shall have jurisdiction "In any action that is otherwise within its jurisdiction, the court may impose liability whether the theory upon which liability is sought to be imposed involves legal or equitable principles." Subdivision (a)(1) of section 86 provides that the municipal courts have jurisdiction of all civil cases in which the amount in controversy is $5,000 or less. There are several situations in which, regardless of the amount in controversy, the form of an action brings it exclusively within the superior court's jurisdiction. (See 1 Witkin, Cal. Procedure (2d ed. 1970) Courts, § 139, pp. 407-409 for a list of these situations.) If the cause of action alleged in the instant case does not fall into one of these areas, the municipal court could award a money

judgment in an amount less than $5,000 even if the theory on the cause of action is equitable in nature.[2]

Next, appellants contend that any remedy available to respondent under the Uniform Fraudulent Conveyance Act would require the municipal court to adopt jurisdiction over the value of the entire conveyance. There is no dispute but that the value of the Edgewater property is well over $5,000. ■ The rule is that if there is present in a case any material issue involving the title of real property which property is over the value of $5,000, the superior court has jurisdiction over the action. (See *Vella* v. *Hudgins* (1977) 20 Cal.3d 251, 257 [142 Cal.Rptr. 414, 572 P.2d 28]; 1 Witkin, Cal. Procedure (2d ed. 1970) Jurisdiction, § 45, p. 569.)

Civil Code section 3439.09 affords the following remedies to a creditor when a conveyance is fraudulent: "(a) Where a conveyance or obligation is fraudulent as to a creditor, such creditor, when his claim has matured, may, as against any person except a purchaser or encumbrancer for fair consideration without knowledge of the fraud at the time of the purchase, or one who has derived title immediately or mediately from such a purchaser or encumbrancer:

"(1) Have the conveyance set aside or obligation annulled to the extent necessary to satisfy his claim, or

"(2) Disregard the conveyance and attach or levy execution upon the property conveyed."

At the time respondent's amended complaint was filed appellants were in possession of the Edgewater property. Respondent was entitled to either of the remedies set forth in subdivision (a) of section 3439.09 if in fact a fraudulent conveyance occurred. Clearly either of these remedies would affect the title of the .Edgewater property. Accordingly, it is our view that the amendments ousted the municipal court of jurisdiction.

---

[2]In *Castellini* v. *Municipal Court* (1970) 7 Cal.App.3d 174 [86 Cal.Rptr. 698], the court held that under section 89 (now 86) of the Code of Civil Procedure there was no general equity jurisdiction in the municipal court. In 1971, subdivision (c) was added to section 89 (now subd. (c) of § 86) to overturn the ruling of the court in *Castellini. (Lacy* v. *Laurentide Finance Corp.* (1972) 28 Cal.App.3d 251, 259 [104 Cal.Rptr. 547].)

■ However, an additional remedy is recognized by the decisions—a personal judgment against the transferee may be had when hē knowingly participates in the fraudulent conveyance with the intention of defrauding creditors. (See *Malaquias* v. *Novo* (1943) 59 Cal.App.2d 225, 232 [138 P.2d 729]; *Hy-Lo Unit & Metal Products Co.* v. *Ryon* (1937) 21 Cal.App.2d 38, 43 [68 P.2d 393]; *Pedro* v. *Soares* (1937) 18 Cal.App.2d 600, 604 [64 P.2d 776].) Respondent alleged in its amended complaint that appellants, the transferees, knowingly participated in the fraudulent conveyance. However, a party may only obtain a money judgment against such a transferee when the property is no longer available. (*Aggregates Associated, Inc.* v. *Packwood* (1962) 58 Cal.2d 580, 591 [25 Cal.Rptr. 545, 375 P.2d 425], disapproved on other grounds in *Liodas* v. *Sahadi* (1977) 19 Cal.3d 278, 292-293 [137 Cal.Rptr. 635, 562 P.2d 316]; *Stearns* v. *Los Angeles City School Dist.* (1966) 244 Cal.App.2d 696, 719 [53 Cal.Rptr. 482]; *Hy-Lo Unit & Metal Products Co.* v. *Ryon, supra,* 21 Cal.App.3d at p. 43; *Pedro* v. *Soares, supra,* 18 Cal.App.2d at p. 604; Clark, *Tort Liability for Fraudulent Conveyances* (1967) 19 Stan.L.Rev. 636, 638-639.)

■ During oral argument of this case, we were informed by both parties that appellants no longer have a possessory interest in the Edgewater property. They have sold the property. Consequently, the remedies provided for in section 3439.09 are no longer available to respondent. However, he may obtain a money judgment against appellants as prayed. Therefore, any judgment which the municipal court could now render will not affect title to the Edgewater property. Manifestly, the causes aᵣd judgment would be within the jurisdiction of the municipal court.

The judgment is affirmed.[3]

Feinberg, J., and Halvonik, J., concurred.

A petition for a rehearing was denied December 29, 1978, and the opinion was modified to read as printed above.

---

[3]Were it otherwise, that is, if appellants had not sold the Edgewater property, the remedy of a money judgment would not be available to respondent but the statutory remedies affecting title would be. We would then be disposed to remand to the superior court with direction to issue a peremptory writ.