FORUM INSURANCE COMPANY,
Plaintiff—Appellant,

v.

Thomas COMPARET; Jerome Eglin;
Harrington Trust Limited, as Trustee
for the OGAPS Trust, Defendants—
Appellees.

No. 02–55053.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted March 4, 2003.

Decided April 2, 2003.

Before: PREGERSON, and THOMAS,
Circuit Judges, and JORGENSON,*
District Judge.

MEMORANDUM **

Forum Insurance Company ("Forum")
appeals the district court's entry of judg-

---

* Honorable Cindy K. Jorgenson, United States
District Judge for the District of Arizona, sit-
ting by designation.

** This disposition is not appropriate for publi-
cation and may not be cited to or by the
courts of this circuit except as provided by
Ninth Circuit Rule 36–3.

**152**

ment pursuant to Rule 54(b), Fed.R.Civ.P., as to Thomas Comparet ("Comparet"), Jerome Eglin ("Eglin"), and Harrington Trust Limited ("Harrington Trust"), as Trustee for the OGAPS Trust. We affirm in part, reverse in part, and remand. Because the parties are familiar with the facts and procedural history, we will not recount them here.

### I.

■ On appeal, Forum argues that the district court erred when it applied Cal. Civ.Code § 3439.09(c) to bar its conspiracy to commit fraudulent transfers claim with respect to any fraudulent transfers that occurred prior to December 19, 1990. We affirm.

We review de novo a district court's dismissal for failure to state a claim pursuant to Rule 12(b)(6), Fed.R.Civ.P. *See Transmission Agency of N. Cal. v. Sierra Pac. Power Co.*, 295 F.3d 918, 927–28 (9th Cir.2002).

Section 3439.09(c) of the California Civil Code states as follows:

> Notwithstanding any other provision of law, a cause of action with respect to a fraudulent transfer or obligation is extinguished if no action is brought or levy made ... within seven years after the transfer was made or the obligation was incurred.

Cal. Civ.Code § 3439.09(c).

Interpreting this clear statutory language, the California Court of Appeal has declared that by enacting § 3439.09(c), "the Legislature clearly meant to provide an overarching, all-embracing maximum time period to attack a fraudulent transfer, no matter whether brought under the UFTA or otherwise." *Macedo v. Bosio*, 86 Cal.App.4th 1044, 1050 n. 4, 104 Cal. Rptr.2d 1 (2001). *See also Monastra v. Konica Bus. Machines, USA, Inc.*, 43 Cal.

App.4th 1628, 1645–46, 51 Cal.Rptr.2d 528 (1996); Cal. Civ.Code § 3439.09 (Comments) (setting forth that the purpose of the section "is to make clear that lapse of the statutory periods prescribed by the section bars the right and not merely the remedy"). Thus, we find that Cal. Civ. Code § 3439.09(c) is a statute of repose pertaining to all actions relating to fraudulent transfers.

With respect to Forum's argument that Cal. Civ.Code § 3439.09 can only bar a cause of action, rather than particular fraudulent transfers as the district court found, we agree with the district court's interpretation. The California Court of Appeal holds that "[t]he elements of civil conspiracy are the formation and operation of the conspiracy and damage resulting to the plaintiff. Standing alone, a conspiracy does no harm and engenders no liability; it must be activated by the commission of an actual civil wrong." *Monastra*, 43 Cal. App.4th at 1644–45, 51 Cal.Rptr.2d 528 (internal citations omitted). Furthermore, Cal. Civ.Code § 3439.09(c) clearly states that "a cause of action *with respect to a fraudulent transfer* is ... extinguished ...." (emphasis added). In this case, Forum's conspiracy to commit fraudulent transfers claim rests upon numerous underlying civil wrongs–namely, fraudulent transfers, and we find that the district court properly applied Cal. Civ.Code § 3439.09(c) and barred Forum's conspiracy claim with respect to those fraudulent transfers that occurred prior to December 19, 1990. *See, e.g., Giest v. Sequoia Ventures, Inc.*, 83 Cal.App.4th 300, 305, 99 Cal.Rptr.2d 476 (2000) (noting that a statute of repose bars a cause of action regardless of whether the cause of action has accrued).

### II.

■ On appeal, Forum argues that the district court erred when it granted sum-

mary judgment in favor of Eglin after finding that, even if Forum prevailed on its conspiracy to commit fraudulent transfers claim, Forum was limited to the equitable remedies set forth in Cal. Civ.Code § 3439.07. As we find that Forum may be entitled to legal damages against Eglin, we reverse and remand for further proceedings.

We review de novo a district court's grant of summary judgment. *See Delta Savings Bank v. U.S.,* 265 F.3d 1017, 1021 (9th Cir.2001). Thus, viewing the evidence in the light most favorable to the nonmoving party, we must determine whether there are any genuine issues of material fact and whether the district court correctly applied the relevant substantive law. *See id.*

California has adopted the Uniform Fraudulent Transfers Act ("UFTA") (*see* Cal. Civ.Code § 3439, *et. seq.*), yet UFTA does not specifically govern a creditor's conspiracy cause of action against an alleged coconspirator. Thus, by its very language, UFTA and its statutory remedies merely supplement such a conspiracy cause of action if one exists according to the applicable state law. *See* Cal. Civ. Code § 3439.10 ("Unless displaced by the provisions of this chapter, the principles of law and equity ... supplement its provisions."). California allows for a cause of action for conspiracy to commit fraudulent transfers, and allows a plaintiff to recover legal damages on such a cause of action. *See Taylor v. S & M Lamp Co.,* 190 Cal. App.2d 700, 706, 12 Cal.Rptr. 323 (1961) ("[A] debtor and those who conspire with him to conceal his assets for the purpose of defrauding creditors are guilty of committing a tort and each is liable in damages."). *See also Monastra,* 43 Cal.App.4th at 1645, 51 Cal.Rptr.2d 528; *Hickson v. Thielman,* 147 Cal.App.2d 11, 14–15, 304 P.2d 122 (1956). However, California also limits the available damages to the value of the property fraudulently transferred or the amount of the debt, whichever is less. *See Flowers and Sons Dev. v. Municipal Court,* 86 Cal.App.3d 818, 825, 150 Cal. Rptr. 555 (1978).

Accordingly, we find that Forum may be entitled to recover legal damages against Eglin up to and including the value of the property fraudulently transferred or the amount of the debt, whichever is less. Thus, we reverse the district court's entry of summary judgment in favor of Eglin, and remand for further proceedings consistent with this opinion.

### III.

On appeal, Forum argues that the district court erred in granting summary judgment in favor of Comparet and Harrington Trust. We agree with the district court that Forum failed to present a genuine issue of material fact regarding whether Comparet and Harrington Trust had actual knowledge of and concurred in the purpose of the alleged conspiracy. *See Wyatt v. Union Mortgage Co.,* 24 Cal.3d 773, 784–85, 157 Cal.Rptr. 392, 598 P.2d 45 (1979). *See also Kidron v. Movie Acquisition Corp.,* 40 Cal.App.4th 1571, 1582, 47 Cal.Rptr.2d 752 (1995); *Hickson,* 147 Cal. App.2d at 15, 304 P.2d 122; *Flowers,* 86 Cal.App.3d at 825, 150 Cal.Rptr. 555. As such, the district court's entries of summary judgment were appropriate, and we affirm.

**Forum and Eglin shall bear their own costs on appeal. Comparet and Harrington Trust Limited are awarded their costs on appeal.**

**AFFIRMED IN PART; REVERSED IN PART; REMANDED.**