[No. B179806. Second Dist., Div. Seven. Oct. 19, 2005.]

Conservatorship of the Persons of JERRY P. KAYLE et al.
STEWART KAYLE, Plaintiff and Appellant, v.
WILLIAM REMERY et al., Defendants and Respondents.

COUNSEL

Evan D. Marshall; Law Offices of Marc B. Hankin and Marc B. Hankin for Plaintiff and Appellant.

No appearance for Defendants and Respondents.

OPINION

ZELON, J.—Appellant Stewart Kayle is the conservator of the persons and estates of his parents, Celia and Jerry P. Kayle. Seeking to pursue claims against the conservatees' caregivers and others, he filed a complaint in the probate court which was already exercising jurisdiction over the conservatorship. Without notice or a hearing, the court dismissed the complaint. That dismissal was erroneous, and we reverse and remand.

## FACTUAL AND PROCEDURAL BACKGROUND

The Court appointed Stewart Kayle as conservator for his parents on October 11, 2002. As conservator, Mr. Kayle has the authority to pursue claims of financial abuse against caregivers and others. Accordingly, in

August 2003 he filed a petition in the probate court seeking protective orders against family members and employees of Woodland Park Retirement Hotel, where the conservatees had resided. The court denied the petitions without prejudice on September 25, 2003.

Mr. Kayle thereafter filed a complaint on February 27, 2004, alleging Woodland Park Retirement Hotel and certain individuals physically and emotionally abused the conservatees. Specifically he alleged Celia suffered a stroke as a result of misconduct and that Woodland Park conspired to cover up its responsibility. Additionally the complaint alleges that Woodland Park employees generally conspired to protect themselves from liability and "line their own pockets." Finally it alleges the facility "effectively kidnapped" one of the conservatees and attempted to extort money. The complainant sought compensatory and punitive damages, costs, and other relief.

Without notice or a hearing, the court issued a nonappearance order on March 26, 2004. The court determined the matter should be tried as a general civil action because plaintiff sought punitive damages based on claims of elder abuse. It further found the complaint would be demurrable, and dismissed the matter without prejudice to its refiling as a general civil matter. On May 28, 2004, Mr. Kayle attempted unsuccessfully to file an amended complaint, indicating that the statute of limitations had become an issue. On September 10, 2004, he filed a motion to vacate the order of dismissal. The motion was denied on October 6, 2004. This timely appeal followed.

## DISCUSSION

I. *The Probate Court Has Jurisdiction over Elder Abuse Cases*

The legislative purpose of the Elder Abuse and Dependent Adult Civil Protection Act (Welf. & Inst. Code,[1] § 15600 et seq.) (Elder Abuse Act) is to afford extra protection to a vulnerable portion of the population from mistreatment by abuse or neglect. (*Delaney v. Baker* (1999) 20 Cal.4th 23, 33 [82 Cal.Rptr.2d 610, 971 P.2d 986].) To do so, the Elder Abuse Act provides special remedies. For example, in claims brought under the act, the limitations imposed by section 377.34 of the Code of Civil Procedure, which prohibits damages for pain and suffering, do not apply,[2] although section

---

[1] Unless otherwise noted, all further references are to the Welfare and Institutions Code.

[2] This section reads in full, "In an action or proceeding by a decedent's personal representative or successor in interest on the decedent's cause of action, the damages recoverable are limited to the loss or damage that the decedent sustained or incurred before death, including any penalties or punitive or exemplary damages that the decedent would have been entitled to recover had the decedent lived, and *do not include damages for pain, suffering, or disfigurement.*" (Code Civ. Proc., § 377.34, italics added.)

3333.2, subdivision (b) of the Civil Code, which caps damages for non-economic losses at $250,000, does. (§ 15657, subd. (b).)

■    Therefore, personal representatives or successors are able to recover pain and suffering damages for an elderly patient. (*ARA Living Centers-Pacific, Inc. v. Superior Court* (1993) 18 Cal.App.4th 1556, 1563 [23 Cal.Rptr.2d 224].) Because relief under the heightened remedies of the Elder Abuse Act requires proof of conduct equivalent to conduct that would support recovery of punitive damages, with necessary proof, plaintiffs may also recover punitive damages. (*Country Villa Claremont Healthcare Center, Inc. v. Superior Court* (2004) 120 Cal.App.4th 426, 432 [15 Cal.Rptr.3d 315].)

■    The act also provides special jurisdictional provisions. Where, as here, a conservator has been appointed, the probate court has jurisdiction over claims made pursuant to the act. Section 15657.3, subdivision (a) provides that the probate court "shall also have concurrent jurisdiction over civil actions and proceedings involving a claim for relief arising out of the abduction . . . or the abuse of an elderly or dependent adult, if a conservator has been appointed for plaintiff prior to the initiation of the action for abuse." Section 15657.3, subdivision (a) grants this "concurrent jurisdiction" over the civil action to the probate court both to expedite the process and to enhance protection to the conservatees. It allows determinations under the act to be made by judges more familiar with the issues surrounding conservatorship, such as competency and undue influence, as well as allowing use of discovery tools unique to the probate court, such as examination of the person accused of wrongfully taking property of the estate.

■    Though section 15657.3, subdivision (a) grants jurisdiction to the probate court over Elder Abuse Act complaints, the probate court may "transfer the matter to the general civil calendar" if it determines "the matter should be determined in a civil action." (§ 15657.3, subd. (b).) No part of the statutory language, however, authorizes the probate court to dismiss the case on these grounds.

## II.   *The Court Should Have Transferred, Not Dismissed, the Complaint.*

### A.   *Dismissal Is Inconsistent with the Statute*

In light of the explicit legislative directive to transfer cases under the Elder Abuse Act, dismissal here was improper. As in section 396 of the Code of Civil Procedure, where a court determines by the complaint that it lacks jurisdiction, "if there is a court of this state that has subject matter jurisdiction, the action or proceeding shall not be dismissed but shall be transferred to a court having jurisdiction." (Code Civ. Proc., § 396.) Like section 396 of

the Code of Civil Procedure, section 15657.3 allows the probate court to determine that the matter should be determined in another portion of the court. Nothing in the language of section 15657.3 indicates that an elder abuse complaint should be treated differently than the transfer of a civil case from a general jurisdiction department to a limited jurisdiction department within the court.[3]

### B. *Dismissal Without Notice and a Hearing Was Improper*

■ In Code of Civil Procedure section 396 proceedings where a court is considering the propriety of transfer, the parties must be allowed sufficient opportunity to respond and offer reasons why transfer is not appropriate. (*Walker v. Superior Court* (1991) 53 Cal.3d 257, 272 [279 Cal.Rptr. 576, 807 P.2d 418].) Any transfer without such notice or hearing violates due process. (*Ibid.*; *Andre v. Superior Court* (1991) 2 Cal.App.4th 11, 18 [2 Cal.Rptr.2d 815]; *Kent v. Superior Court* (1992) 2 Cal.App.4th 1392, 1394 [4 Cal.Rptr.2d 21].) Moreover, because any determination to transfer is subject to review for abuse of discretion, a record should be made of the transfer hearing to facilitate such review. (*Walker v. Superior Court, supra,* 53 Cal.3d at p. 272.)

■ Given the heightened protections of the Elder Abuse Act, parties should not be given fewer rights than those granted to litigants in other civil proceedings. The grant of jurisdiction to the probate department is an important and purposeful aspect of the legislative scheme: the specific purpose of the Elder Abuse Act is to provide protection to a potentially vulnerable group in society, and one way in which the act strives to achieve this heightened protection is by allowing complaints brought under the act to be prosecuted in the probate department. This grant of jurisdiction affords enhanced protection to elders by facilitating the process of prosecuting such abuses. Thus it would be inconsistent with the purpose of the Elder Abuse Act to allow probate judges to transfer complaints without the minimal procedural requirements for the transfer of ordinary civil cases. A probate judge who believes an elder abuse complaint should be transferred must follow the same procedure required in the transfer of civil matters—give notice, provide the parties an opportunity to be heard, and, ideally, create a record to facilitate review.

■ In this case, the grant of a hearing would have permitted the court to consider the fact that refusal to hear an elder abuse case based on a request for punitive damages is anomalous when the act itself vests jurisdiction in the

---

[3] This issue does not raise questions of improper venue, but involves transfer within the same court, to a different judge hearing different types of cases. Requiring a party to refile a case in the same courthouse, with possible statute of limitations issues, and additional costs to the party, is inconsistent with the legislative attempt to protect elderly Californians.

probate court *and* allows for punitive damages. In the absence of a record and briefing by the parties, this court cannot determine whether the statutory scheme was fully considered. (See *Walker v. Superior Court, supra,* 53 Cal.3d at p. 272 [observing the absence of a record from a transfer hearing hampers review on the issue of whether the court abused its discretion].)

The sua sponte dismissal was improper.

III. *Dismissal of the Action for Insufficiency of the Complaint Was Erroneous*

■ In general, even without express statutory authority, a trial court has certain inherent discretionary powers to dismiss claims. (See 6 Witkin, Cal. Procedure (4th ed. (1997) Proceedings Without Trial, § 459, pp. 889–890.) However, these grounds are typically limited to lack of jurisdiction, forum non conveniens, absence of a justiciable controversy, plaintiff's failure to give security for costs, failure to appeal at trial, or failure to amend the complaint. (*Ibid.*) Where a complaint is insufficient, or would be demurrable, the court must allow leave to amend unless the facts alleged show no possibility of relief under any legal theory. (See *McDonald v. Superior Court* (1986) 180 Cal.App.3d 297, 303 [225 Cal.Rptr. 394]; *Angie M. v. Superior Court* (1995) 37 Cal.App.4th 1217, 1227 [44 Cal.Rptr.2d 197].)

Even where the required amendment will oust the court of jurisdiction, the court must permit that amendment and then transfer the matter on its own motion, rather than dismissing the action. (*Flowers & Sons Development Corp. v. Municipal Court* (1978) 86 Cal.App.3d 818, 822 [150 Cal.Rptr. 555]; *Omni Aviation Managers, Inc. v. Municipal Court* (1976) 60 Cal.App.3d 682, 684, fn. 1 [131 Cal.Rptr. 758].) Where, as here, the plaintiff is permitted no opportunity to address the court before dismissal, the nature, and effect, of any potential amendment remains unknown, and unknowable, both to the trial and the reviewing court.

IV. *The Court Failed to Consider the Motion to Vacate on the Merits*

■ The court treated the motion to vacate as a motion for reconsideration, and denied it as untimely and improper. Code of Civil Procedure section 663 permits a motion to vacate where the legal basis for the order was erroneous, even where the moving party asserts a legal theory not previously argued to the court. (*Hoffman-Haag v. Transamerica Ins. Co.* (1991) 1 Cal.App.4th 10, 15–16 [1 Cal.Rptr.2d 805].) Here, not only did Mr. Kayle assert that the dismissal was an erroneous application of the governing law, but he was never given the opportunity to argue that, or any other theory, before the court made its ruling. Under Code of Civil Procedure section 663,

the motion was properly filed as a motion to vacate, and it was an abuse of discretion not to determine it on its merits.

## DISPOSITION

The purpose of the Elder Abuse Act is to afford heightened protection to a vulnerable population of society. That purpose was frustrated by the absence of procedural protections in this case. The denial of the motion to vacate and the underlying order of dismissal are reversed, and the matter remanded for a status hearing, to be held on an expedited basis, and at which transfer may be considered, in the probate department. Appellant is to recover his costs on appeal.

Johnson, Acting P. J., and Woods, J., concurred.